

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 2 0 2002

Michael N. Milby
Clerk of Court

RAMON GARCIA
Plaintiff,

§
§
§

V.

§
§

C.A. NO. B-02-160

JULIAN RODRIGUEZ  AND
LAW OFFICE OF JULIAN
RODRIGUEZ,

§
§
§

**DEFENDANTS  JULIAN RODRIGUEZ and LAW OFFICE OF JULIAN RODRIGUEZ
NOTICE OF REMOVAL**

Defendants **JULIAN RODRIGUEZ** and **LAW OFFICES OF JULIAN RODRIGUEZ**

files this notice of removal under 28 U.S.C. §1446(a).

## A. Introduction

1.      Ramon Garcia, P.C. is Plaintiff.   Julian Rodriguez and Law Office of Julian

Rodriguez are the Defendants.

2.      On 7/22/02, plaintiff sued defendants for tortious interference of contractual matters,

negligence, civil conspiracy, and for other alleged violations.

3.      This case becomes removable pursuant to the federal district court's exercise of

supplemental jurisdiction, 28 U.S.C. §1367 and, in the alternative, it becomes

removable because this case presents a federal question under 28 U.S.C. §1441.

## B. Basis for Removal

4.      Removal is proper because plaintiff's claim arises out of, as a consequence of, or

in connection with case styled: Civil Action No. B-01-157 Consolidated with Civil

Action No. B-02-004; *In Re The Complaint And Petition For Brown Water Towing*

*I, Inc.,* et. al., In the Southern District of Texas, Brownsville Division. First and foremost, plaintiff's claims are brought in violation of a federal district court Order Directing Claimants To File And Make Proof of Claims, Directing The Issuance Of Monition, And Restraining Prosecution Of Claims whereby plaintiff's claim shall be stayed, and restrained until the hearing and termination of this proceeding In the Southern District of Texas, Brownsville Division.

A true and correct copy of the Order Directing Claimants To File And Make Proof of Claims, Directing The Issuance Of Monition, And Restraining Prosecution Of Claims is attached as "Exhibit A" and incorporated by reference.

5.   Secondly, removal is proper because plaintiff's claim arises out of, as a consequence of, or in connection with case styled: Civil Action No. B-01-157 Consolidated with Civil Action No. B-02-004; *In Re The Complaint And Petition For Brown Water Towing I, Inc.,* et. al., In the Southern District of Texas, Brownsville Division and the federal district court's exercise of supplemental jurisdiction, 28 U.S.C. §1367. Section 1367 (a) authorizes a federal court to exercise jurisdiction over certain pendent claims, pendent parties, and ancillary claims under the principle of supplemental jurisdiction and expressly provides for the removal of this suit, <u>Stromberg Metal Works, Inc. v. Press Mech., Inc.,</u> 77 F.3d 928, 931 (7th Cir. 1996).

6.   Alternatively, plaintiff's suit involves federal question pursuant to 28 U.S.C. §1441. Parenthetically, the federal court will determine the basis for exoneration of liability and damages under maritime law.

7.   All pleadings, process, orders, and all other filings in the state court action are

2

attached to this notice as required by 28 U.S.C. §1441(a) and are labeled as "Exhibit B."

8.   Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place in which the removed action has been pending.

9.   Defendant will file promptly a copy of this notice of removal with the clerk of the state court in which the action has been pending.

10.  This notice is filed with this Court within 30 days after service on Defendants of Plaintiff's Original Petition in the above- entitled action.

### C. Jury Demand

11.  Plaintiff did demand a jury in the state court action.

### D. Conclusion

12.  In summary, on 7/22/02, plaintiff sued defendant for tortious interference, slander and slander per se, negligence, civil conspiracy, and for violations of the state bar rules.  Defendant seeks to remove plaintiff's claim as originally filed in state court to the Southern District of Texas, Brownsville Division under Civil Action No. B-01-157 Consolidated with Civil Action No. B-02-004; *In Re The Complaint And Petition For Brown Water Towing I, Inc.,* et. al., pursuant to the federal district court's exercise of supplemental jurisdiction, 28 U.S.C. §1367.

13.  **WHEREFORE**, Defendants pray that the above-entitled action be removed from the 332nd Judicial District Court of Hidalgo County, Texas to this Court in the above-entitled action.

Respectfully submitted on 20th day of August, 2002.

3

Respectfully submitted,

**LAW OFFICE OF JULIAN RODRIGUEZ, JR.**
**100 W. PECAN**
**MCALLEN, TEXAS 78501**
**TEL:   (956) 682-8801**
**FAX:   (956) 682-4544**


By: _____
   **JULIAN RODRIGUEZ, JR.**
   **Texas State Bar No: 17146770**
   **ATTORNEY FOR DEFENDANTS**

4

# EXHIBIT A

United States District Court
Southern District of Texas
ENTERED

## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

SEP 2 4 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| IN RE THE COMPLAINT AND<br>PETITION OF BROWN WATER<br>TOWING I, INC., AS OWNER, AND<br>BROWN WATER MARINE SERVICE<br>INC., AS BAREBOAT CHARTERER, OF<br>THE BROWN WATER V, IT ENGINES,<br>TACKLE, ETC. IN A CAUSE OF<br>EXONERATION FROM OR | §<br>§<br>§<br>§<br>§     CIVIL ACTION NO. B-01-157<br>§<br>§<br>§<br>§ |

### ORDER DIRECTING CLAIMANTS TO
### FILE AND MAKE PROOF OF CLAIMS,
### DIRECTING THE ISSUANCE OF MONITION,
### AND RESTRAINING PROSECUTION OF CLAIMS

A Petition and Complaint having been filed on the 15th day of September 2001, by Brown Water Towing I, Inc., as owner, and Brown Water Marine Service, Inc., as bareboat charterer of the BROWN WATER V (collectively referred to as "the Petitioners"), claiming the benefit of Exoneration from or Limitation of Liability as provided for in the Act of Congress entitled "An Act to Limit the Liability of Shipowner and for Other Purposes" passed March 3, 1851, now embodied in Section 4282 to 4289 inclusive, of the Revised Statutes of the United States (46 U.S.C. §§ 182 to 189, inclusive), and statutes supplementary thereto, and amendatory thereof, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and also contesting its liability by claiming exoneration from all liability independently of the limitation of liability claim under said Act for any loss, damage or destruction arising during the voyage described in said Petition and Complaint which commenced on or about September 14, 2001, and terminated on or about September 15, 2001, and said Petition and Complaint also stating the facts and circumstances on which such exoneration from and limitation of liability are claimed; and on considering the Petition and the Affidavit of Value and Pending Freight, which are on file, and the Petitioners having filed a Letter of Undertaking in the amount of TWO HUNDRED AND SEVENTY THOUSAND AND 00/100 DOLLARS ($270,000.00), in addition to interest at the rate of 6% per annum and costs of Court, on the 15th day

of September, 2001, and the Court having approved the Letter of Undertaking for value executed on the 15th day of September, 2001, and with the Petitioners subject to such increases and decreases in the amount of such Letter of Undertaking, together with adequate surety, as the Court may from time to time order, undertaking to pay into Court within ten days after the entry of an Order confirming the report of the Commissioner, if one be appointed, to appraise the amount of value of the Petitioners' interest in the said BROWN WATER V and its pending freight, the aggregate amount or value of such interest as thus ascertained or to file in this proceeding a bond or stipulation for value in the usual form with surety in said amount, or agreeing to permit the Letter of Undertaking to stand as a stipulation for value if found sufficient in amount, or the amount thereof to be uncontested; and that pending payment into Court of the amount or value of the Petitioners' interest in the said BROWN WATER V and its pending freight, as ascertained or the giving of a stipulation for the value thereof, this Letter of Undertaking shall stand as security for all claims in this proceeding;

Now, on Motion of Royston, Rayzor, Vickery & Williams, attorneys for the Petitioners, it is hereby

ORDERED, that a Monition issue out of and under the seal of this Court against all persons or entities claiming civil damages for any and all losses, damages, deaths, personal injuries, cargo damage or destruction of property occasioned as alleged in said Petition and Complaint during the voyage of the BROWN WATER V which commenced on or about September 14, 2001, and terminated on or about September 15, 2001 and citing them to file their respective claims with the Clerk of the Court and to serve on or mail to Royston, Rayzor, Vickery & Williams, L.L.P., attorneys for Petitioners, a copy thereof, on or before 10:00 a.m. on the 14th of March, 2002, at their offices at 1700 Wilson Plaza West, 606 N. Carancahua, Corpus Christi, Texas 78476, subject to the rights of any person or entity claiming damages as aforesaid who shall have presented a claim under oath to answer said Petition and Complaint and to controvert or question the same; and it is further

ORDERED, that public notice of such Monition shall be given by publication hereof in the Brownsville Herald and the Valley Morning Star, newspapers published in

-2-

the Rio Grande Valley, within the southern District of Texas, such publication in said papers to be once each week until the return day and for at least four successive weeks before the return date of such Monition; and it is further

ORDERED, that not later than the day of the second publication of such notice of the Monition, the Petitioners shall mail a copy of the Notice of Petition for Exoneration from or Limitation of Liability and a copy of the Monition, together with a copy of this Order, to every person or entity known to have made any claim or filed any action against the BROWN WATER V or the Petitioners arising out of the voyage described in the Petition and Complaint herein, and to any such person's or entity's attorney, if known, and in connection with any death, property damage or personal injury resulting from the voyage of the BROWN WATER V which commenced on September 14, 2001 and ended on or about September 15, 2001. The Petitioners shall mail a copy of the Notice of Petition for Exoneration from or Limitation of Liability, a copy of the Monition, and a copy of this Order, together with a copy of Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure to any persons known to have made any claim on account of an injury or damage, and it is further

ORDERED, that the beginning or continued prosecution of any and all suits, actions or legal proceedings of a civil nature, except in the present proceeding, in respect to any claim arising out of, consequent upon, or in connection with the aforesaid voyage of the BROWN WATER V, which commenced on or about September 14, 2001, be, and they are hereby stayed, and restrained until the hearing and termination of this proceeding; and it is further

ORDERED, that service of this Order as a Restraining Order may be made within this District in the usual manner and in any other District by the United States Marshal for such District by delivering a certified copy of this Order to the person or entity to be restrained or to that person or entity's respective attorneys.

DONE at Brownsville, Texas, this 24th day of September, 2001.

Hilda G. Tagle
United States District Judge

-4-

# EXHIBIT
# B

LAW OFFICE
OF
*Ramon Garcia*

A PROFESSIONAL CORPORATION

2?2 WEST UNIVERSITY
EDINBURG, TEXAS 78539

RAMON GARCIA
FELIPE GARCIA, JR.
CATHERINE W. SMITH
SONIA LOPEZ
ERIC S. JARVIS
LUCY A. WILLIAMSON

July 8, 2002

**FILED**

AT _____ O'CLOCK _____ M

JUL 0 8 2002

PAULINE G. GONZALEZ, CLERK
District Courts, Hidalgo County
By_____Deputy

TELEPHONE
(956) 383-7441
FAX
(956) 381-0825

Ms. Pauline Gonzalez
Hidalgo County District Clerk
Hidalgo County Courthouse
Edinburg, Texas 78539

**VIA HAND-DELIVERY**

**Re:**     *Plaintiff's Original Petition;*
          *Ramon Garcia vs. Julian Rodriguez and Law Office of Julian Rodriguez*

Dear Mrs. Gonzalez:

Attached for filing in the above referenced matter is an original and three (3) copies of "Plaintiff's Original Petition." Please issue a cause number, stamp file our copy and return same to us via our courier.

Also, please find our firm's check in the amount of $193.00 dollars to cover the filing fee of ($155.00), jury fee ($30.00) and the issuance of (1) one citation ($8.00). Please prepare a citation for the following:

1.     Julian Rodriguez
       **LAW OFFICES OF JULIAN RODRIGUEZ**
       100 W. Pecan
       McAllen, Texas 78501
       **(Our courier will pick up this citation when ready)**

Please contact our office once this citation is ready, so that we may send our courier to pick up the same. Should you have any questions, please do not hesitate to contact our office at (956) 383-7441.

Respectfully submitted,

**LAW OFFICE OF RAMON GARCIA, P.C.**

ERIC S. JARVIS
**ATTORNEY AT LAW**

CASE NO. **C-1325-02-F** _____

DATE FILED _____ **07/08/02** _____

# CIVIL DOCKET

| NAMES OF PARTIES | ATTORNEYS | | KIND OF ACTION |
|---|---|---|---|
| **RAMON GARCIA P.C** | Pltf. | **RAMON GARCIA** | ~~WRONGFUL DEATH~~ |
| VS. | Pltf. | | OTHER CIVIL |
| **JULIAN RODRIGUEZ ET AL.** | Deft. | | Jury Fee $ _____ |
| | Deft. | | Paid By _____ |

| Date of Entry | Pleas, Process, Service, Motions, Fiats, Orders, Judgments, etc. | Fee Costs | BOOK | |
|---|---|---|---|---|
| | | | VOL. | PAGE |
| **07/08/02** | **PLAINTIFF'S ORIGINAL    PETITION FILED** | | | |
| 7/9/02 | CITATION ISSUED TO JULIAN RODRIGUEZ JR. WILL | | | |
| | BE PICKED UP BY: ~~S !~~            PLEASE PRINT | | | |
| 7/23/02 | CITATION RETURNED, FILED, JULIAN RODRIGUEZ SERVED 7/22/02. | | | |
| 08/09/02 | DEFENDANTS ORIGINAL ANSWER, FILED BY JULIAN RODRIGUEZ, JR. | | | |

CAUSE NO. <u>C-1325-02-F</u>

| | | |
|---|---|---|
| RAMON GARCIA, P.C.<br>**PLAINTIFF** | § <br> § <br> § | **IN THE DISTRICT COURT** |
| **VS.** | § <br> § | **332ND JUDICIAL DISTRICT** |
| **JULIAN RODRIGUEZ and<br>LAW OFFICES OF JULIAN<br>RODRIGUEZ<br> DEFENDANTS** | § <br><br> § | **OF HIDALGO COUNTY, TEXAS** |

FILED
AT _____ O'CLOCK _____
AUG 09 2002
PAULINE C. GONZALEZ CLERK
District Court, Hidalgo County
By _____ Deputy

## DEFENDANTS' ORIGINAL ANSWER

**NOW COMES** Defendants, **JULIAN RODRIGUEZ** and **LAW OFFICE OF JULIAN RODRIGUEZ** hereinafter named Defendants in the above-entitled and numbered cause, and files this Original Answer, and shows the Court:

### I.

### GENERAL DENIAL

Defendant denies each and every allegation of Plaintiff's Original Petition, and demands strict proof thereof as required by the Texas Rules of Civil Procedure.

### II.

### VERIFIED DENIAL

A.    The Defendants have been improperly named in the lawsuit.

### III.

### AFFIRMATIVE DEFENSES

A.    Defendant claims Plaintiff's suit is barred by the doctrine of collateral estoppel.

B.    Defendant claims Plaintiff's suit is barred by the doctrine of contributory

1

negligence.

   C.    Defendant claims Plaintiff's suit is barred by estoppel.

   D.    For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that the act or omission of a person other than the Defendants was the sole proximate cause of the incidents in question.

   E.    For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively alleges that if Plaintiff was injured as alleged, which is not admitted but is expressly denied, such injuries were caused or contributed to, in whole or in part, by a party for whom Defendants are not responsible.

   F.    For further answer, if such be necessary, and pleading in the alternative, Defendants further invoke the provisions of 33.001 of the Texas Civil and Remedies Code.

   G.    For further answer, if such be necessary, and pleading in the alternative, Defendants further specifically plead the limitation of recovery of exemplary damages as set forth in Section 41.008, et seq. of the Texas Civil Practice and Remedies Code.

   H.    For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively deny that they are liable for exemplary damages and plead affirmatively the provisions of Chapter 41, of the Texas Civil Practices & Remedies Code, including the provisions on applicability, standards for recovery, preclusions, prejudgment interest, and limitations on

2

amount.

I.    For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively state that an award of punitive damages in this case would violate the procedural due process guaranteed by the Constitution of the United States, Texas Law, and the instructions given to the jury, are vague and standardless as to whether and how much to punish a defendant, and are likely to produce arbitrary and capricious results. Therefore, any award of punitive damages should be disallowed, or declared null and void.

## IV.

## JURY DEMAND

Defendants request a trial by jury.

## V.

## PRAYER

Defendants pray the Court, and after notice and hearing or trial, enters judgment in favor of Defendants, awards Defendants the costs of court, attorney's fees, and such other and further relief as Defendants may show himself justly entitled to receive in law or in equity.

Respectfully submitted,

By:_____
JULIAN RODRIGUEZ, JR.
Texas Bar No. 17146770
100 W. PECAN

3

**MCALLEN, TEXAS  78501**
**Tel. (956)682-8801**
**Fax. (956)682-4544**
**Attorney for DEFENDANTS**

CAUSE NO. <u>C-1325-02-F</u>

| | | |
|---|---|---|
| RAMON GARCIA, P.C.<br>PLAINTIFF | §<br>§<br>§ | IN THE DISTRICT COURT |
| VS. | §<br>§ | 332ND  JUDICIAL DISTRICT |
| JULIAN RODRIGUEZ and<br>LAW OFFICES OF JULIAN RODRIGUEZ<br>DEFENDANTS | §<br>§<br>§ | OF HIDALGO COUNTY, TEXAS |

## VERIFICATION

**BEFORE ME,** the undersigned authority, personally appeared **JULIAN RODRIGUEZ, JR.**, who being duly sworn, deposed as follows:

"My name is **JULIAN RODRIGUEZ, JR..** I am at least 18 years of age and of sound mind.  I am personally acquainted with the facts alleged in Defendant's Verified Denial.  I hereby swear that the statements in support of Defendant's Verified Denial are true and correct."

_____

**JULIAN RODRIGUEZ, JR.**

**SUBSCRIBED AND SWORN TO BEFORE ME** on ____9th____ , by *August,* 2002.

_____

Notary Public, State of Texas

```
VANEZA OCHOA
Notary Public, State of Texas
My Commission Expires
January 22, 2006
```

5

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Defendants' Original Answer and Jury Demand was served as indicated below on August 9th , 2002 in accordance to the Texas Rules of Civil Procedure.

**LAW OFFICE OF RAMON GARCIA, P.C.**
Attn: Mr. Ramon Garcia
222 W. University Drive
Edinburg, Texas 78539

**VIA FAX (956) 381-0825 and**
**VIA CERTIFIED MAIL RETURN**
**RECEIPT REQUESTED**

JULIAN RODRIGUEZ, JR.
ATTORNEY FOR DEFENDANTS

6

Cause No. _C 1325-02-F_

## VERIFICATION

State of Texas          §
County of Hidalgo       §

BEFORE ME, the undersigned authority, on this day personally appeared, Luis A. Saenz, being by me duly sworn, on his oath deposed and said that he has read the attached and foregoing Citation and Cause of Action, and every statement contained therein is within his knowledge, true and correct.

_____
Luis/A. Saenz

SUBSCRIBED AND SWORN TO BEFORE ME, on this the 22ⁿᵈ day of _July_ 2002, to certify which, witness my hand and seal of office.

_____
NOTARY PUBLIC, In and for the State of Texas

C-1325-02-F

DISTRICT COURT, HIDALGO COUNTY, TEXAS 332nd District Court
JUDICIAL DISTRICT OF TEXAS

FILED
AT 10 O'CLOCK

JUL 23 2002

CITATION

RAMON GARCIA, P.C.
vs.
JULIAN RODRIGUEZ ET AL,.

PAULINE C. GONZALEZ, CLERK
District Courts, Hidalgo County
By _____ Deputy

THE STATE OF TEXAS

TICE TO DEFENDANT:  You have been sued.  You may employ an attorney.
 you or your attorney do not file a written answer with the clerk
o issued this citation by 10:00 a.m. on the Monday next following
e expiration of twenty(20) days after you were served with this
tation and petition, a default judgment may be taken against you.
To: JULIAN RODRIGUEZ JR
    LAW OFFICES OF JULIAN RODRIGUEZ
    100 W PECAN
    MCALLEN TEXAS 78501

    You are hereby commanded to appear by filing a written answer to
e PLAINTIFF'S ORIGINAL PETITION  on or before 10:00 o'clock a.m. on the Monday
xt after the expiration of twenty (20) days after the date of
rvice hereof, before the Honorable 332nd District Court of Hidalgo County,
xas at the Courthouse at 100 N. Closner, Edinburg, Texas 78539.

    Said Petition was filed on the 8th of July,
    2002 and a copy of same accompanies this citation.
    The file number and style of said suit being No. C-1325-02-F
              RAMON GARCIA, P.C.
                   vs.
          JULIAN RODRIGUEZ ET AL,.
    Said Petition was filed in said court by GARCIA, RAMON
    222 W. UNIVERSITY DR.  EDINBURG, TX 78539
    The nature of the demand is fully shown by a true and correct
    copy of the petition accompanying this citation and made a part
    hereof.

    The officer executing this writ shall promptly serve the same
    according to requirements of law, and the mandates thereof, and
    make due return as the law directs.

    Issued and Given under my hand and seal of said Court, at
    Edinburg, Texas this the 9th day of July, 2002 .

                        Pauline G. Gonzalez, District Clerk
                        Hidalgo County, Texas

                   By: _____
                        VIOLA WISE  332nd District Court Clerk

                    Officer's Return
    Came to hand on 10th of July , 2002 at 5.00 o'clock P .m. and
 cuted in Hidalgo County, Texas by delivering to each of the within
 ed defendants in person, a true copy of this citation, upon which I
 orsed the date of delivery, to said def., together with the
 ompaying copy of the Pltf.'s Petition at the following times and
 ces, to-wit:

----------------------------------------------------------  *LAW OFFICE* ------
me *Julien Rodriguez* |DATE *7-22-02* |Time *5:15pm* |Place: *100 W Pecan*
----------------------------------------------------------  *McAllen, Texas - 78501*
d not executed as to the defendant,_____
e diligence used in finding said defendant, being:_____
d the cause of failure to execute this process is:_____
d the information received as to the whereabouts of said defendant,
ing:_____ I actually and necessarily
aveled_____miles in the service of this citation, in addition to
y other mileage I may have traveled in the service of other process
 the same case during the same trip.
es: serving....copy(s) $ *75⁰⁰*
      miles.............$_____

                                        by: *Jesus A Garcia*

X



FILED

AT 3:06 O'CLOCK __ M

JUL 09 2002

PAULINE G. GONZALEZ, CLERK
District Courts, Hidalgo County
_____ Deputy

CAUSE NO. *C-1325-02-F*

| | | |
|---|---|---|
| **RAMON GARCIA, P.C.** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff* | § | |
| | § | |
| **VS.** | § | **HIDALGO COUNTY, TEXAS** |
| | § | |
| **JULIAN RODRIGUEZ and** | § | |
| **LAW OFFICES OF JULIAN RODRIGUEZ** | § | *332nd* **JUDICIAL DISTRICT** |
| | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **Ramon Garcia, P.C.,** hereinafter referred to as Plaintiff, in the above captioned cause and files this Original Petition and would respectfully show the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.1    This action should proceed under Discovery Control Plan Level 2 pursuant to Texas Rules of Civil Procedure Rule 190.3.

### II.
### PARTIES

2.1    Plaintiff RAMON GARCIA, P.C., is a Texas Professional Corporation engaged in the practice of law with offices in Edinburg, Hidalgo County, Texas.

2.2    Defendant Julian Rodriguez, Jr., is an individual duly licensed to practice law in the State of Texas, and who carries on his business at the Law Offices of Julian Rodriguez located at 100 W. Pecan, McAllen, Texas 78501 and may be served with process by serving a citation and a copy of this petition at the address mentioned above. Defendant will be served by citation by a private process server at Plaintiff's direction.

---

### III.
### JURISDICTION AND VENUE

3.1     Venue is properly maintained in Hidalgo County, Texas, pursuant to sections 15.002, 15.004 and 15.017 of the Texas Civil Practice and Remedies code in that the causes of action arose in whole or in substantial part in Hidalgo County, Texas and venue is mandatory in Hidalgo County, Texas, under § 15.017 and § 15.004 Tex.R.Civ.P.Rem.  Moreover, Hidalgo County is the place of Defendant's residence as well as the place of Defendant's principal office.

### IV.
### FACTUAL BACKGROUND

4.1     On or about September 15, 2001, Gaspar Hinojosa was killed as a result of the collapse of the Queen Isabella Causeway.  The Causeway collapsed after the span was rammed by industrial barges being pushed by a tugboat.  The family members of Gaspar Hinojosa (hereinafter, "Client Family Members") signed contracts of employment, employing Plaintiff herein as their attorney to represent their interest and prosecute a claim for monetary damages against any and all persons and business entities found to be legally responsible for the death of Gaspar Hinojosa.

4.2     Plaintiff will show that after it was hired and after the Client Family Members, had signed contracts of employment with it, Defendant, by and through his agents and employees, made improper contact with the Client Family Members and communicated with them defamatory and untrue information about Plaintiff RAMON GARCIA, P.C., for the purpose of causing the Client Family Members to terminate without cause their existing contracts of employment with Plaintiff, and to hire Defendant.

4.3    Defendant herein, by and through his agents and employees, made disparaging, defamatory, slanderous, and untrue statement about Plaintiff RAMON GARCIA, P.C., herein for the purpose of causing the Client Family Members to hire defendant as their attorney and to breach their Contracts of Employment with Plaintiff.  It appears that Defendant's effort was successful, as Defendant was subsequently hired by the Client Family Members.

4.4    Plaintiff has a Forty Percent (40%) valid, legal and enforceable contingency fee assignment interest in the case styled: *Civil Action* B-01-157; In Re The Complaint And Petition For *Brown Water Towing I, Inc., et al., In the Southern District of Texas, Brownsville Division ("Brown Water Towing")*.  Plaintiff was discharged without just cause and as such, the Plaintiff has an enforceable legal right to an undivided Forty Percent (40%) interest in all claims, actions demands and causes of action arising by operation of law for the damages or other amounts due and owing to the named Plaintiffs making claims for damages as a  result of Gaspar Hinojosa's death, in the case styled *Brown Water Towing*.

4.5    By reason of the conduct of Defendant as set forth herein, Plaintiff has been damaged, has suffered and will suffer in the future, severe economic losses in an amount in excess of the minimum jurisdictional limits of this court for which it now sues.

## V.
## TORTIOUS INTERFERENCE

5.1    Plaintiff realleges herein all factual allegations set forth above and incorporates them by reference.

5.2    Defendant, either in person or by and through his agents and employees, wrongfully, willfully, knowingly, and without justification or excuse, interfered with the existing contractual relationships existing between PLAINTIFF and the Client Family Members.  The Defendant sent persons where the Client Family Members could be found for the purpose of causing them to dishonor their Employment Contracts with Plaintiff and to hire Defendant.  Such persons employed by Defendant were specifically instructed by him and empowered by him to act in the wrongful manner described herein.  Such persons were therefore Defendant's agents and all conduct in which they engaged as herein alleged or as may be proved in as cause was specifically authorized and sanctioned by Defendant, and Defendant is responsible for all such conduct as if he had personally carried it out.

5.3    The Defendant induced, the Client Family Members to enter into contracts of employment with Defendant when the Defendant knew that Client Family Members were already parties to a contract with Plaintiff.

5.4    Defendant knew of the business and contractual relationship Plaintiff had with the Client Family Members or in the exercise of ordinary care should have known of these relationships, and of Plaintiff's business interest therein.   Nonetheless, the Defendant intentionally undertook to interfere with such relationships to the detriment

of Plaintiff. The conduct of Defendant is a direct and proximate cause of the damages suffered by Plaintiff.

## VI.
## SLANDER AND SLANDER PER SE

6.1    Plaintiff realleges herein all factual allegations set forth above and incorporates them by reference.

6.2    Defendant, by and through his agents and employees, made defamatory and untrue statements about Plaintiff calling into question its ability to successfully prosecute the Client Family Members' claims. Such statements were harmful to Plaintiff's business interests and were false. The statements made were likewise harmful to Plaintiff's good reputation in his business and profession, and as such were slander per se.

6.3    In addition, such untrue comments and statements were made willfully and maliciously and with the knowledge that they were false. All such conduct is a proximate cause of the damages suffered by Plaintiff.

## VII.
## NEGLIGENCE

7.1    Plaintiff realleges herein all factual allegations set forth above and incorporates them by reference.

7.2    Without waiving any of the counts hereinabove set forth and in the alternative, Plaintiff allege that the conduct of Defendant as described herein constitutes negligence. The acts and omissions alleged hereinabove, either individually or in combination with

such others as yet unknown, were a proximate cause of damages and injuries suffered by Plaintiffs.

7.3     At all relevant times, Defendant's employees were acting as agents and/or servants in furtherance of their own personal business and pecuniary interests and under their full authority to act.  To the extent the conduct of Defendant was done through others, such persons were acting, at the direction of Defendant and with full authorization from them.  The Defendant is jointly and severally liable for the conduct herein alleged, whether Defendant undertook it personally or through others who were agents or employees.  Defendant is responsible for the conduct of such others under the Doctrine of Agency and Respondent Superior for any conduct carried on by such persons at his direction.

## VIII.
## CIVIL CONSIPIRACY

8.1     Plaintiff realleges herein all factual allegations set forth above and incorporates them by reference.

8.2     Defendant along with another person or persons agreed and conspired to commit the unlawful, overt or wrongful acts alleged herein to the detriment of the Plaintiffs.  The Defendant, along with other, had a preconceived plan an/or conspired to convince the Client Family to employ the Defendants in lieu of Plaintiff by unlawful means.

## IX.
## DEFENDANT'S VIOLATIONS OF THE STATE BAR RULES

9.1     Plaintiff realleges herein all factual allegations set forth above and incorporates them by reference.

9.2     Defendant's conduct as alleged herein constitutes violations of the Texas State Bar Rules which govern the conduct of attorneys in this state.

## X.
## PLAINTIFF'S DAMAGES

10.1     Plaintiffs reallege the above facts as if fully set forth herein and incorporates them by reference.

10.2     By reason of Defendant's conduct as herein described, Plaintiff has suffered damages including the loss of his contractual relationship with the Client Family Members and the reasonable business expectation of the recovery of attorneys' fees stemming from such representation. In addition, should the litigation on behalf of the Client Family Members prove successful, there will be a recovery of substantial attorneys' fees by the Defendant. Defendant's conduct is the direct and proximate cause of the loss of this fee by Plaintiff. In addition, Plaintiff has suffered immeasurable damages from the wrongful, defamatory and untrue remarks made by Defendant.

## XI.
## PUNITIVE DAMAGES

11.1     The conduct of Defendant as herein alleged was carried out with more than momentary thoughtlessness, inadvertence, or error of judgment. Such conduct resulted from such an entire want of care as to establish that the act or omission was the

result of actual conscious indifference to the rights of Plaintiff. Such conduct by Defendant constitutes malice specifically intended by Defendant to cause substantial injury to Plaintiff. Alternatively, such conduct was carried out by Defendant with flagrant disregard for the rights of Plaintiff and with actual awareness on the part of Defendant that the act would in reasonable probability result in severe injury, harm, and damage to Plaintiff as a result of the Defendant's gross negligence and intentional conduct. Plaintiff seeks to impose exemplary damages upon the Defendant in an amount to be determined by the trier of fact. Plaintiff intends to show that the factors the jury may consider in determining the amount of exemplary damages which should be awarded include:

      a. the nature of the wrong committed by the Defendant

      b. the character of the Defendant's conducts;

      c. the degree of culpability of the Defendant;

      d. the situation and sensibilities of the parties concerned; and

      e. the extent to which the Defendant's conduct offends a public sense of justice and propriety.

11.3    Plaintiff has also suffered lost profits, economic damages, and loss of business opportunity, both in the past and in the future. Plaintiff seeks judgment against the Defendant for all damages which are in excess of the minimum jurisdictional limits of this court, or as may be found by the trier of fact.

## XII.
## JURY DEMAND

12.1    Plaintiff hereby make their request for a jury trial in this cause pursuant to Rule 216 of the Texas Rules of Civil Procedure and Plaintiff has previously deposited with the District Clerk of Hidalgo County, County, Texas the requisite jury fee.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully request that after trial by jury, Plaintiff have;

a. judgment against Defendant, jointly and severally, for a sum within the jurisdictional limits of the Court for damages suffered in the past and damages which in all likelihood will be suffered, in the future;

b. pre judgment interest as provided by law;

c. exemplary damages according to law and in a sum determined by the trier of fact:

d. Post-judgment interest as provided by law,

e. costs of suit;

f. attorneys' fees; and

g. damages for the harm to the Plaintiff's reputation.

h. such other and further relief to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

**LAW OFFICE OF RAMON GARCIA, P.C.**
222 W. University Drive
Edinburg, Texas  78539
(956) 383-7441
(956) 381-0825 Facsimile

By: _____
RAMON GARCIA
State Bar No. 07641800
ERIC S. JARVIS
State Bar No.:  24012902

## LIST OF ALL COUNSEL OF RECORD

RAMON GARCIA
Texas Bar No. 07641800
LAW OFFICE OF RAMON GARCIA, P.C.
222 W. University Dr.
Edinburg, TX 78539
Tel. (956) 383-7441
Fax. (956) 381-0825

ATTORNEY FOR PLAINTIFF

RAY R. MARCHAN
WATTS & HEARD, L.L.P.
1926 Elizabeth
Brownsville, TX 78520
Tel. (956) 544-0500
Fax. (956) 541-0255

ATTORNEY FOR CLAIMANT

JULIAN RODRIGUEZ, JR.
Texas Bar No. 17146770
Federal ID No. 15112
100 W. Pecan
MCALLEN, TEXAS 78501
Tel. (956) 682-8801
Fax. (956) 682-4544

ATTORNEY FOR DEFENDANT