## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

**AUG 2 2 2002**

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| **RAMON GARCIA**<br>**Plaintiff,** | § <br> § <br> § | |
| **V.** | § <br> § | **C.A. NO. B-02-160** |
| **JULIAN RODRIGUEZ AND**<br>**LAW OFFICE OF JULIAN**<br>**RODRIGUEZ,** | § <br> § <br> § | |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES JULIAN RODRIGUEZ AND THE LAW OFFICE OF JULIAN RODRIGUEZ Defendants herein, and asks the court to consolidate this case with Civil Action No. B-01-157 and Civil Action No. B-02-004 styled In Re The Complaint and Petition of Brown Water Towing I Inc. As Owner and Brown Water Marine Service Inc. as Bareboat Charterer, of the Brown Water V, Its Engine Tackle, Etc. In a Cause of Exoneration From Limitation of Liability and In Re the Complaint and Petition of American Commercial Lines LLC As Owner and American Commercial Barge Lines LLC as Charterer of the Barges NM-315, VLB-9182, ACL-9933B, AND VLB-9173, In a Cause of Exoneration From or Limitation of Liability.

### A. INTRODUCTION

1.      Julian Rodriguez and the Law Office of Julian Rodriguez is the party ("Defendants herein")  which originally was sued in State Court by the Plaintiff  Ramon Garcia.

Defendants timely filed a notice of removal to federal court before the 30 day deadline.

2.    In the consolidated cases under Civil Action No. B-01-157 and Civil Action No. B-02-004 the federal court has retained all jurisdiction for any lawsuits that are filed as a result of the tragic accident involving the September 15, 2001 collision of the Brown Water tugboat with the Queen Isabella Causeway.

3.    In this case under Civil Action No. B-02-160 Plaintiff Ramon Garcia sued the named Defendants for intentional interference with a contract, negligence, civil conspiracy, and other alleged violations stemming from the Plaintiffs first employment with the survivors of one of the family members of the tragic Queen Isabella causeway collision lawsuit.

4.    The facts in this case are both and substantially related to the subject matter in Civil Action No. B-01-157 and Civil Action No. B-02-004.  The court first of all has a restraining order in effect that was not complied with by the Plaintiff and secondly the issues involved in the pending consolidated cases all arise out of the negligence of the persons or corporations that caused the collision and Plaintiffs filing this separate action in the manner in which they did can have a chilling effect on the manner in which the Defendants can timely consider settling all of the pending claimants claims.  In addition the parties are the same and the evidence would be the same that could be elicited from the information already being exchanged in the causeway cases.

5.    Defendants **JULIAN RODRIGUEZ and THE LAW OFFICE OF JULIAN RODRIGUEZ** asks the court to consolidate the suits.

2

## B. ARGUMENT

6.    A court may consolidate lawsuits if the suits relate to substantially the same subject matter and consolidation does not result in delay, jury confusion, or prejudice to the parties.  See <u>Hendrix v. Raybestos-Manhattan, Inc.</u>, 776 F.2d 1492, 1496 (11th Cir. 1985).

7.    This suit and consolidated Civil Action No. B-01-157 and B-02-004 are substantially the same because they arise all out of the same tragic incident of September 15, 2001.  The evidence that will be discovered and disclosed arise all out of the same incident and will be exchanged among the same parties.  The issues that are being alleged by the Plaintiff in this case will involve the disclosure of the same information that has to be disclosed while the discovery is ongoing for each of the families and claimants who are seeking relief from the negligent parties.

8.    The suits proposed to be consolidated are pending before this court for all purposes.

9.    This court should consolidate this suit with Civil Actions Nos. B-01-157 and B-02-004 styled In Re The Complaint and Petition of Brown Water Towing I Inc. As Owner and Brown Water Marine Service Inc. as Bareboat Charterer, of the Brown Water V, Its Engine Tackle, Etc. In a Cause of Exoneration From Limitation of Liability and In Re the Complaint and Petition of American Commercial Lines LLC As Owner and American Commercial Barge Lines LLC as Charterer of the Barges NM-315, VLB-9182, ACL-9933B, AND VLB-9173, In a Cause of Exoneration From or Limitation of Liability, for the following reason:

a.    The proceedings involve a common party. See <u>Seguro de Servicio de Salud</u>

3

v. McAuto Sys. Group, Inc. 878 F.2d 5, 8 (1ˢᵗ Cir. 1989). The contract that the Plaintiff seeks to enforce and that he claims was interfered by the Defendants involves the contract with some of the Hinojosa claimant's who are the ones in the causeway case who lost their father.

b.   The proceedings involve common issues of fact. See Mary Ellen Enters v. Camex, Inc. 68 F.3d 1065, 1073 (8ᵗʰ Cir. 1995). All the facts that arise in both case begin from the date of the incident of September 15, 2001 until the date the deadline for all claimants to file their claims in federal court pursuant to the court's restraining orders.

c.   Consolidation will conserve judicial resources. Cantrell v. GAF Corp., 999 F.2d 1007, 1011 (6ᵗʰ Cir. 1993). The cases and issues can all be resolved by the same mediator who already has been appointed in this case.

d.   Consolidation will reduce the time and expense of trying the actions separately. See, Cantrell v. GAF Corp., 999 F.2d 1007, 1011 (6ᵗʰ Cir. 1993). The parties that are effected by this new lawsuit firmly believe that two trials would not be in the best interest claimants who wish to resolving this case and would be duly expensive.

## C. CONCLUSION

10.   For these reasons, Defendants **JULIAN RODRIGUEZ and THE LAW OFFICE OF JULIAN RODRIGUEZ** asks the court to consolidate Civil Action No. B-02-160 with Civil Action Nos. B-01-157 and B-02-004 and to order the clerk to merge the causes into one cause of action under Civil Action Nos. B-01-157 and B-02-004.

4

Respectfully submitted,

By:_____

JULIAN RODRIGUEZ, JR.
Texas Bar No. 17146770
Fed. ID. No. 15112
100 W. Pecan
McAllen, Texas  78501
Tel. (956)682-8801
Fax. (956)682-4544


**ATTORNEY IN CHARGE FOR
DEFENDANTS, JULIAN RODRIGUEZ AND
LAW OFFICE OF JULIAN RODRIGUEZ**

5

## CERTIFICATE OF SERVICE

I certify that on August 22, 2002 a true and correct copy of Defendants' Motion to

Consolidate and Order Granting was served to each person listed below and in the manner

specified below pursuant to the Federal Rules of Civil Procedure.


**LAW OFFICE OF RAMON GARCIA**          **VIA HAND DELIVERY**
Attn: Mr. Ramon Garcia
222 W. University Drive
Edinburg, Texas 78539


**WATTS & HEARD**                       **VIA FIRST CLASS MAIL**
Attn: Mr. Ray R. Marchan
1926 Elizabeth
Brownsville, Texas 78520

_____
JULIAN RODRIGUEZ, JR..

6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **RAMON GARCIA**<br>**Plaintiff,** | §<br>§<br>§ | |
| **V.** | §<br>§ | **C.A. NO. B-02-160** |
| **JULIAN RODRIGUEZ  AND**<br>**LAW OFFICE OF JULIAN**<br>**RODRIGUEZ,** | §<br>§<br>§<br>§ | |

## ORDER

On _____, _____, the court considered Defendants

**JULIAN RODRIGUEZ and the LAW OFFICE OF JULIAN RODRIGUEZ's** motion to

consolidate.  After considering the motion and the response, the court:

GRANTS the motion to consolidate, consolidates Civil Action No. B-02-160 styled **RAMON**

**GARCIA v. JULIAN RODRIGUEZ and the LAW OFFICE OF JULIAN RODRIGUEZ**, with

Civil Action Nos. B-01-157 and B-02-004 styled In Re The Complaint and Petition of Brown

Water Towing I Inc. As Owner and Brown Water Marine Service Inc. as Bareboat Charterer,

of the Brown Water V, Its Engine Tackle, Etc. In a Cause of Exoneration From Limitation

of Liability and In Re the Complaint and Petition of American Commercial Lines LLC As

Owner and American Commercial Barge Lines LLC as Charterer of the Barges NM-315,

VLB-9182, ACL-9933B, AND VLB-9173, In a Cause of Exoneration From or Limitation of

Liability, resulting in cause no. _____.

DENIES the motion.

SIGNED on _____, _____.

7

_____
**U.S. DISTRICT JUDGE**

**APPROVED & ENTRY REQUESTED:**

_____
JULIAN RODRIGUEZ, JR.
**Attorney for Defendants**