5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

**SEP 1 9 2002**

| | | |
|---|---|---|
| RAMON GARCIA, P.C., | § | Michael N. Milby |
| | § | Clerk of Court |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. B-02-160 |
| | § | |
| JULIAN RODRIGUEZ and | § | |
| LAW OFFICES OF JULIAN | § | |
| RODRIGUEZ, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S MOTION TO REMAND**
**AND RESPONSE TO DEFENDANTS' MEMORANDUM**
**IN SUPPORT OF MOTION TO CONSOLIDATE[1]**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Comes now Ramon Garcia, P.C., Plaintiff in the above-styled and numbered cause, and

pursuant to 28 U.S.C. §1447(c), moves this Honorable Court to remand this case to the 332nd Judicial

District Court of Hidalgo County, Texas and for payment of just costs and actual expenses, including

attorney's fees.

As grounds for remand and payment, Plaintiff would show this Honorable Court as follows:

**I.**

**Introduction**

This case arises from a dispute between an Edinburg law firm and a McAllen lawyer

---

[1] To date, Plaintiff has not received Defendants' Motion to Consolidate. Based on
telephone calls to the Clerk of this Honorable Court, Defendants have not filed their Motion to
Consolidate with this Honorable Court, as of the writing of this pleading.

regarding the representation of certain clients.[2]

Plaintiff, a law firm located in Edinburg, Texas, sued Julian Rodriguez, an attorney who resides in McAllen, Texas. See Plaintiff's Original Petition, paragraph 2.1-2.2, attached hereto as Exhibit "1" and incorporated herein by reference as if fully set forth. Plaintiff has alleged, in part, that:

> Plaintiff will show that after it was hired and after the Client Family Members, had signed contracts of employment with it, Defendant, by and through his agents and employees, made improper contact with the Client Family Members and communicated with them defamatory and untrue information about Plaintiff RAMON GARCIA, P.C., for the purpose of causing the Client Family Members to terminate without cause their existing contracts with Plaintiff, and to hire Defendant.

Id. at paragraph 4.2.

Plaintiff asserted state law claims of tortious interference with contract, slander, negligence, civil conspiracy, and violation of the Texas State Bar Rules against Julian Rodriguez. Id. at paragraphs 5.1-9.2. Plaintiff did **not** assert any federal law claims against Julian Rodriguez. Id.

Julian Rodriguez filed an answer on behalf of himself and the Law Offices of Julian Rodriguez.[3] See Defendants' Original Answer attached hereto as Exhibit "2" and incorporated

---

[2]

These clients are Raquel Teran Hinojosa, Omar Hinojosa, Clarissa Hinojosa and Gaspar Hinojosa, II, the wrongful death beneficiaries of Gaspar Hinojosa. In the wake of the collapse of the Queen Isabella Causeway, the aforementioned members of the Hinojosa family signed contingent fee contracts with Plaintiff. Currently, all of the aforementioned members of the Hinojosa family are Claimants in the limitation proceeding, styled In re the Complaint and Petition for Brownwater Towing, I, Inc., as Owner, and Brownwater Marine Service, Inc., as Bareboat Charterers, of the Brownwater V, its Engines, Tackle, Etc., and a Cause of Exoneration From or Limitation of Liability, C.A. No. B-01-157, that is presently before this Honorable Court.

[3] The Law Offices of Julian Rodriguez entered an appearance in this case, even though Plaintiff did not name the Law Offices of Julian Rodriguez as a Defendant. See Exhibit "1," paragraph 2.2.

2

herein by reference as if fully set forth. For ease of reference, Plaintiff will refer to Julian Rodriguez and the Law Offices of Julian Rodriguez collectively as "Defendants," unless otherwise specified.

Defendants filed their Notice of Removal on August 20, 2002. See Defendants' Original Notice of Removal attached hereto as Exhibit "3" and incorporated herein by reference as if fully set forth.

Defendants removed this case on the basis of 28 U.S.C. § 1367. Id. at paragraph 3 ("This case becomes removable pursuant to the federal district court's exercise of supplemental jurisdiction, 28 U.S.C. § 1367 . . ."). In the alternative, Defendants have alleged that this case presents a federal question. Id. (". . ., in the alternative, it becomes removable because this case presents a federal question under 28 U.S.C.§ 1441.").[4] Defendants did not allege any other basis for removal in their Notice. See generally Exhibit "3."

On August 27, 2002. Defendants filed their First Supplemental Notice of Removal. See Defendants' First Supplemental Notice of Removal attached hereto as Exhibit "4" and incorporated herein by reference as if fully set forth.

On September 19, 2002, Plaintiff filed timely this Motion to Remand, pursuant to 28 U.S.C. §1447(c).

## II.

## Summary of Argument

Plaintiff seeks remand under two theories and an order for "payment of just costs and any

---

[4] Of course, 28 U.S.C. §1441 does not codify federal question jurisdiction. As this Honorable Court is well aware, 28 U.S.C. §1331 codifies federal question jurisdiction. 28 U.S.C. §1441 entitled "Actions Removable Generally," sets out the parameters for removal of state court actions.

actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. §1447(c).

First, 28 U.S.C. §1367 is not an independent source of removal jurisdiction. In re Estate of Tabas, 879 F.Supp. 464, 467 (E.D. Pa. 1995). District Courts in this Circuit have turned to Tabas in analyzing issues involving 28 U.S.C. §1367. See, e.g., In re Texas, 110 F.Supp.2d 514, 525 (E.D. Tex. 2000) (referring to Tabas as an "often-quoted case"); George v. Borden Chems. and Plastics Operating Ltd. P., 960 F.Supp. 92, 95 (M.D. La. 1997) (quoting from Tabas). In George, the District Court concluded, in part, that because defendants could not base subject matter jurisdiction on 28 U.S.C. §1367, remand was appropriate. 960 F.Supp. at 96; see also Avitts v. Amoco Prod. Co., 53 F.3d 690, 693 (5th Cir. 1995) (concluding that 28 U.S.C. §1367(c) was inapplicable because "by its terms, it presupposes that the district court obtained supplemental jurisdiction over the state law claims via original jurisdiction over federal claims arising from the same case or controversy"). Likewise, this Honorable Court should conclude that 28 U.S.C. §1367 is not a basis for removal and should, therefore, remand this case to Texas state court.

Second, and as noted above, Plaintiff asserted only state law claims in its state court petition and did not assert any federal claims. See Exhibit "1," paragraphs 5.1-9.2. As this Honorable Court knows well, the "well-pleaded-complaint rule" determines the presence or absence of a federal question. Rivet v. Regions Bank, 522 U.S. 470, 475 (1998); Caterpillar, Inc. v. Williams, 482 U.S. 386, 398-99 (1987). The "well-pleaded-complaint" rule confines the search for federal question jurisdiction to the face of the complaint or petition. Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 10 (1983). As a general rule, the plaintiff is considered the master of her complaint or petition and may avoid federal jurisdiction by relying exclusively on state law. Caterpillar, Inc., 482 U.S. at 392; Avitts, 53 F.3d at 693. In Avitts, the Fifth Circuit observed that

4

"there is no doubt that Appellees have chosen to pursue only state law causes of action" and "it is plain that removal jurisdiction under 28 U.S.C. §1441 simply did not exist." 53 F.3d at 693. As a result, the Fifth Circuit concluded that "[t]he district court had no jurisdiction over the subject matter of the complaint, and the action should have been immediately remanded to state court." Id. Likewise, this Honorable Court should conclude that based upon "well-pleaded-complaint" rule, the federal question does not exist in this case and should, therefore, remand this case to Texas state court.

In addition, Plaintiff moves this Honorable Court for an order for "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. §1447(c). Plaintiff submits respectfully that payment is appropriate in this case because of the complete absence of authority[5] concerning 28 U.S.C. §1367 and federal question jurisdiction in Defendants' Notice of Removal. See generally Exhibit "3."

Based on the aforementioned arguments, as discussed in detail in the following sections of this Motion, Plaintiff submits respectfully that this Honorable Court should grant this Motion to Remand in its entirety, remand this cause to the 332nd Judicial District Court of Hidalgo County, Texas, and order "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

---

[5] Although Defendants cited to Stromberg Metal Works, Inc. v. Press Mechanical, Inc., 77 F.3d 928 (7th Cir. 1996), Stromberg does not stand for the proposition that 28 U.S.C. §1367 can serve as a basis for removal. First, Stromberg is not a removal case. 77 F.3d at 930 ("Stromberg and Comfort Control filed this action under the diversity jurisdiction . . ."). Second, Stromberg stands simply for the proposition that in a multi-plaintiff case, if complete diversity of citizenship is present and one plaintiff's claim meets the amount in controversy requirement, 28 U.S.C. §1367 permits the District Court to hear the other plaintiff's claim, even though it does not satisfy the amount in controversy requirement. 77 F.3d at 930-33. Therefore, Stromberg is wholly inapplicable to the present case.

5

### III.

#### <u>Some Basic Removal Principles</u>

Removal is construed restrictively so as to limit federal subject matter jurisdiction. <u>Willy</u> <u>v. Coastal Corp.</u>, 855 F.2d 1160, 1164 (5th Cir. 1988). The removing defendant bears the burden of demonstrating that removal was proper and that federal subject matter jurisdiction exists. <u>Id.</u> Moreover, any doubts concerning the propriety of removal should be resolved in favor of remand. <u>See Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 108-09 (1941).

### IV.

#### <u>28 U.S.C. §1367 Cannot Be a Basis for Removal</u>

28 U.S.C. §1367 provides, in relevant part, that:

> . . ., in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. §1367(a).

One District Court has observed that 28 U.S.C. §1367(a) does not allow a party to remove an otherwise unremovable action to federal court for consolidation with a related federal action. <u>In</u> <u>re Estate of Tabas</u>, 879 F.Supp. at 467. Relevant to the issue presently before this Honorable Court, the <u>Tabas</u> Court wrote:

> On its face[,] the statute distinguishes between actions and claims. Section 1367 allows plaintiffs to bring federal claims in federal court even though combined with state-law claims that would not otherwise be within a federal court's jurisdiction. **The statute is not, however, an independent source of removal jurisdiction.** To remove the Petition from state court to federal court, [the defendant] must first find a federal claim in the petition itself (which we have concluded is not present). **An already-existing federal action cannot provide the mechanism for removal of a non-removable state-court action.**

6

Id. (bold added) (footnote omitted).

As noted above, District Courts in this Circuit have turned to Tabas in analyzing issues involving 28 U.S.C. §1367. See, e.g., In re Texas, 110 F.Supp.2d at 525; George, 960 F.Supp. at 95. Likewise, respected commentators have featured Tabas in their discussion of 28 U.S.C. §1367. See, e.g., 14B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §3722 (2d ed. 1998) (quoting above-referenced portion of opinion).

In George, the District Court concluded, in part, that because defendants could not base subject matter jurisdiction on 28 U.S.C. §1367, remand was appropriate. 960 F.Supp. at 96. Other Circuits and District Courts have reached the same conclusion. See, e.g., Ahearn v. Charter Township of Bloomfield, 100 F.3d 451, 456 (6th Cir. 1996) (citing several District Court cases, including Tabas); Briddelle v. T & J Foods, Inc., 18 F.Supp.2d 611, 612 (D. Md. 1998) ("My research discloses that there is no authority for the proposition that the supplemental jurisdiction statute might serve as a stand-alone basis for the removal of an action filed in state court which contains no federal claims, and the defendants have cited none."); Frankenberg v. Superior Distribs., Inc., 961 F.Supp. 1560, 1565-67 (S.D. Ala. 1997) (citing to and quoting from Ahearn).

Based on the foregoing authority and analysis, this Honorable Court should conclude that 28 U.S.C. §1367 is not a basis for removal and should, therefore, remand this case to Texas state court.

## V.

### Federal Question Jurisdiction Does Not Exist In This Case

28 U.S.C. §1441 provides, in relevant part, that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court

of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. §1441(a).

"Original jurisdiction over the subject matter is mandatory for the maintenance of an action in federal court." See Avitts, 53 F.3d at 693. "Subject matter jurisdiction may not be waived, and [a] [D]istrict [C]ourt 'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'" Id. (citing Fed. R. Civ. P. 12(h)(3)).

In non-maritime claims, like the ones presently before this Honorable Court, original jurisdiction lies where the conditions of 28 U.S.C. §§1331 or 1332 are satisfied. Id. In the present case, Defendants have not relied upon 28 U.S.C. §1332, diversity of citizenship. Rather, Defendants have relied solely on federal question jurisdiction. See Exhibit "3," paragraph 6 (". . . plaintiff's suit involves federal question . . .").

Removal under 28 U.S.C. §1441 is appropriate only for those claims within the federal question jurisdiction of the district courts, that is, for those actions "arising under the Constitution, treaties, or laws of the United States." 28 U.S.C. §1441(b); see also Franchise Tax Bd., 463 U.S. at 10-11 (a case "arises under" federal law when a "right or immunity created by the Constitution or laws of the United States [is] an element, and an essential one, of the plaintiff's cause of action"). "[W]hether a case arising . . . under a law of the United States is removable or not . . . is to be determined by the allegations of the complaint or petition and that if the case is not then removable it cannot be made removable by any statement in the petition for removal or in subsequent pleadings by the defendant." Great Northern Ry. Co. v. Alexander, 246 U.S. 276, 281 (1918). This concept,

8

often referred to as the "well-pleaded-complaint rule," determines the presence or absence of a federal question. <u>Rivet,</u> 522 U.S. at 475; <u>Caterpillar, Inc.,</u> 482 U.S. at 398-99. The "well-pleaded-complaint" rule confines the search for federal question jurisdiction to the face of the complaint or petition. <u>Franchise Tax Bd.,</u> 463 U.S. at 10.

In <u>Avitts,</u> the Fifth Circuit observed that "there is no doubt that Appellees have chosen to pursue only state law causes of action" and "it is plain that removal jurisdiction under 28 U.S.C. §1441 simply did not exist." 53 F.3d at 693. As a result, the Fifth Circuit concluded that "[t]he district court had no jurisdiction over the subject matter of the complaint, and the action should have been immediately remanded to state court." <u>Id.</u>

Likewise, in this case, Plaintiff has asserted only state law claims in its state court petition. <u>See</u> Exhibit "1, " paragraphs 5.1-9.2. Accordingly, this Honorable Court should conclude that Plaintiff's state court petition did not raise a federal question and that this matter did not "arise under" the laws of the United States for purposes of 28 U.S.C. §1441(b). Therefore, the above-styled and numbered cause is not within the original jurisdiction of this Honorable Court. <u>See In re Texas,</u> 110 F.Supp.2d. at 525 (observing that the state court petition did not raise a federal question and concluding that the matter did not "arise under" the laws of the United States for purposes of 28 U.S.C. §1441(b)).

Based on the foregoing authority and analysis, this Honorable Court should conclude that federal question jurisdiction does not exist in this case and should, therefore, remand this case to Texas state court.

## VI.

### Defendants' First Supplemental Notice of Removal Was Untimely

Within the thirty-day period that 28 U.S.C. §1446(b) prescribes, a defendant may freely amend or supplement its notice of removal.  See Strauss v. American Home Products Corp., No. Civ.A. G-02-226, 2002 WL 1447787, at *4 (S.D. Tex. June 11, 2002).  Julian Rodriguez was served with citation and Plaintiff's state court petition on July 22, 2002.  See the Sheriff's Return attached hereto as Exhibit "5" and incorporated herein by reference as if fully set forth.  Accordingly, and pursuant to 28 U.S.C. §1446(b), Defendants had until August 21, 2002 to file their Notice of Removal and to amend or supplement freely their Notice of Removal.  See Strauss, 2002 WL 1447787, at *4.  Defendants waited until August 27, 2002 to file their First Supplemental Notice of Removal.  See Exhibit "4." Therefore, this Honorable Court should conclude that Defendants cannot freely supplement their Notice of Removal.

Once the thirty-day period has expired, a defendant may move to amend or supplement its notice of removal to cure defective allegations of jurisdiction.  See Zaini v. Shell Oil Co., 853 F. Supp. 960, 964 n.2 (S.D. Tex. 1994); see also Energy Catering Servs., Inc. v. Burrows, 911 F. Supp. 221, 224 (E.D. La. 1995) (denying defendant's motion to amend notice of removal and granting plaintiff's motion to remand); Mayers v. Connell, 651 F. Supp. 273, 274-75 (M.D. La. 1986) (same); Courtney v. Benedetto, 627 F. Supp. 523 (M.D. La. 1986) (same).

However, a well-respected treatise has cautioned:

> Granting leave to amend the removal notice is discretionary.  Some courts may be reluctant to grant leave where the notice fails to allege proper grounds for removal.  Absent such allegations remand may be ordered!

David Hittner Et Al., Federal Civil Procedure Before Trial, 5th Circuit Edition, (2002), sec. 2:941

10

at 2D-181 (citations omitted).

However, Defendants have wholly failed to move this Honorable Court for leave to file their First Supplemental Notice of Removal. Therefore, this Honorable Court should strike Defendant's First Supplemental Notice of Removal and not consider the same for any purpose.

## VII.

### Plaintiff Is Entitled to Just Costs and Actual Expenses, Including Attorney's Fees

A District Court may require payment of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. §1447(c). "Before the 1988 amendment to the statute, a finding that 'the case was removed improvidently and without jurisdiction' was a prerequisite to an award of 'just costs.'" Campos v. Housland, Inc., 824 F.Supp. 100, 103 (S.D. Tex. 1993) (awarding plaintiff costs and expenses, including attorney's fees, incurred as a result of removal). Even under that stricter standard, it was not necessary to find bad faith by the party who removed the case to award costs. See News-Texan, Inc. v. City of Garland, Texas, 814 F.2d 216, 220 (5th Cir. 1987). " Under the 1988 amendment to [section] 1447(c), a [D]istrict [C]ourt has a 'great deal of discretion and flexibility . . . in fashioning awards of costs and fees.'" Campos, 824 F. Supp. at 103 (citing Morgan Guaranty Trust Co. v. Republic of Palau, 971 F.2d 917, 924 (2nd Cir. 1992).

Plaintiff submits respectfully that ordering Defendants to pay just costs and actual expenses is particularly appropriate in this case. **Defendants have failed to provide this Honorable Court with any authority that 28 U.S.C. §1367 can be a basis for removal or that federal question jurisdiction can be found within the four-corners of Plaintiff's state court petition.[6]** See

---

[6] With regard to 28 U.S.C. §1367, see footnote five.

generally Exhibit "3." Rather, Defendants' removal is flatly at odds with this long-standing authority to which Plaintiff has previously cited this Honorable Court in this Motion. **Nor have Defendants made any effort to argue that this long-standing authority should be changed.** Therefore, ordering Defendants to pay just costs and actual expenses, including attorney's fees, in this case would be just indeed.

Plaintiff submits respectfully that Defendants removed this case without sufficient cause and for purposes of delay. In this way, Defendants' removal has burdened this Honorable Court and Plaintiff. Defendants compounded their wrongful removal of this case by filing their Memorandum in Support of Motion to Consolidate. Plaintiff was forced to expend valuable attorney time in researching and writing this Motion and Response. Likewise, this Honorable Court will be forced to waste scarce judicial resources in ruling on all these matters.

Accordingly, this Honorable Court should award Plaintiff $2,400.00 for just costs and actual expenses, including attorney's fees, incurred as a result of the removal. See the Affidavit of John C. Schwambach, Jr. attached hereto as Exhibit "6" and incorporated herein by reference as if fully set forth.

## VIII.

### Alternatively, Defendants' "Motion" to Consolidate Should Be Denied

In the alternative and without waiving the foregoing, and only in the event that this Honorable Court were to conclude that it did have jurisdiction over Plaintiff's state law claims, this Honorable Court should deny Defendants' request to consolidate the above-styled and numbered cause with the limitation proceeding styled In re the Complaint and Petition for Brownwater Towing, I, Inc., as Owner, and Brownwater Marine Service, Inc., as Bareboat Charterers, of the Brownwater

V, its Engines, Tackle, Etc., and a Cause of Exoneration From or Limitation of Liability, C.A. No. B-01-157, that is presently before this Honorable Court.

As noted above, Defendants have not filed a Motion to Consolidate with this Honorable Court. Instead, Defendants have only filed their Memorandum in Support of Motion to Consolidate. Accordingly, this Honorable Court should not grant any requested relief to Defendants because of their failure to file the requisite motion as the Federal Rules of Civil Procedure and the Local Rules require. See Fed. R. Civ. P. 7 ("An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought."); Local Rule 7.1.

However, in the event that this Honorable Court should consider Defendants' Memorandum as a Motion, this Honorable Court should deny Defendants' requested relief in its entirety.

Although a District Court may consolidate lawsuits if the suits relate to substantially the same subject matter and if consolidation does not result in delay, jury confusion, or prejudice to the parties, this case is not a case in which this Honorable Court should do so. See Hendricks v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495-96 (11th Cir. 1985). The above-styled and numbered cause and the limitation proceeding do not relate to substantially the same subject matter. The above-styled and numbered cause is simply a dispute, arising under Texas law, between an Edinburg law firm and a McAllen lawyer regarding the representation of certain clients. By contrast, the limitation proceeding, arising under federal maritime law, is a dispute between the Brown Water Towing, Inc./American Commercial Lines, L.L.C. and the Claimants in said proceeding regarding the collapse of the Queen Isabella Causeway. Thus, Plaintiff's state law claims sounding in tortious inference with contract, slander, negligence, civil conspiracy, and violations of the Texas State Bar

13

Rules will have **nothing** to do with whether Brownwater Towing I, Inc. and American Commercial Lines, L.L.C. are entitled to the protection afforded by federal maritime law in the form of the limitation of liability.

Further, this Honorable Court should deny Defendants' request for consolidation for the following reasons:

- The proceedings do not involve common parties. <u>Seguro de Cervicio de Salud v. McAuto Sys. Group, Inc.</u>, 878 F.2d 5, 8 (1st Cir. 1989).

- The proceedings do not involve common questions of law. <u>Malcolm v. National Gypsum Co.</u>, 995 F.2d 346, 350 (2nd Cir. 1993).

- The proceedings do not involve common questions of fact. <u>Id.</u>

- The proposed consolidation will increase the parties' costs by forcing them to participate in discovery and other proceedings not relevant to both cases. <u>See In re Repetitive Stress Injury Litig.</u>, 11 F.3d 368, 373-74 (2nd Cir. 1993).

- The suits cannot be tried to the same fact finder because one suit must be tried to this Honorable Court, namely the limitation proceeding, and the parties in the above-styled numbered cause have requested a jury. <u>EPA v. City of Green Forest</u>, 921 F.2d 1394, 1402-03 (8th Cir. 1990).

Based on the foregoing authority and analysis, this Honorable Court should deny Defendants' request for consolidation in its entirety.

WHEREFORE, PREMISES CONSIDERED, Ramon Garcia, P.C. requests respectfully that this Honorable Court (1) remand this case to the 332nd Judicial District Court of Hidalgo County, Texas, (2) order Julian Rodriguez and Law Offices of Julian Rodriguez to pay $2,400.00 to Ramon Garcia, P.C. for just costs and actual expenses, including attorney's fees; (3) in the alternative and without waiving the foregoing, deny Defendants' request for consolidation in its entirety; and (4) grant it such other and further relief, both at law and in equity, to which it may show itself justly

14

entitled.

Respectfully submitted,

**STEVENSON & AMMONS, L.C.**

By: _Robert E. Ammons_ ✱

**ROBERT E. AMMONS**
Attorney-In-Charge
Texas State Bar No. 01159820
Southern District of Texas No. 11742
3700 Montrose Avenue
Houston, Texas 77006
(713) 523-3030
(713) 523-4747 (FAX)

Attorneys for Ramon Garcia, P.C.

✱ by permission
for C. Schebel, /

15

## CERTIFICATE OF CONFERENCE AND OPPOSITION

I do hereby certify that pursuant to Local Rule 7.1D(1), I conferred with counsel for Julian Rodriguez and Law Offices of Julian Rodriguez, Defendants in the above-styled and numbered cause. Counsel for Julian Rodriguez and Law Offices of Julian Rodriguez could not agree about the disposition of Plaintiff's Motion to Remand. Therefore, pursuant to Local Rule 7.2, this Honorable Court should consider Plaintiff's Motion to Remand as "opposed."

**ROBERT E. AMMONS**

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of Plaintiff's Motion to Remand has been mailed via certified mail, return receipt requested, to all counsel of record pursuant to the Federal Rules of Civil Procedure on this ___18th___ day of September, 2002.

**ROBERT E. AMMONS**

16

)                              )                    **FILED**

CAUSE NO. *C-1325-02-F* AT _____ O'CLOCK _____ M

JUL 0 8 2002

DISTRICT COURT CLERK OMAR GONZALEZ
District Courts, Hidalgo County
By_____Deputy

| | | |
|---|---|---|
| **RAMON GARCIA, P.C.** | § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| **VS.** | § | **HIDALGO COUNTY, TEXAS** |
| | § | |
| **JULIAN RODRIGUEZ and** | § | |
| **LAW OFFICES OF JULIAN RODRIGUEZ** | § | *332nd* **JUDICIAL DISTRICT** |
| | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **Ramon Garcia, P.C.,** hereinafter referred to as Plaintiff, in the above captioned cause and files this Original Petition and would respectfully show the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.1    This action should proceed under Discovery Control Plan Level 2 pursuant to Texas Rules of Civil Procedure Rule 190.3.

### II.
### PARTIES

2.1    Plaintiff RAMON GARCIA, P.C., is a Texas Professional Corporation engaged in the practice of law with offices in Edinburg, Hidalgo County, Texas.

2.2    Defendant Julian Rodriguez, Jr., is an individual duly licensed to practice law in the State of Texas, and who carries on his business at the Law Offices of Julian Rodriguez located at 100 W. Pecan, McAllen, Texas 78501 and may be served with process by serving a citation and a copy of this petition at the address mentioned above. Defendant will be served by citation by a private process server at Plaintiff's direction.

## III.
## JURISDICTION AND VENUE

3.1    Venue is properly maintained in Hidalgo County, Texas, pursuant to sections 15.002, 15.004 and 15.017 of the Texas Civil Practice and Remedies code in that the causes of action arose in whole or in substantial part in Hidalgo County, Texas and venue is mandatory in Hidalgo County, Texas, under § 15.017 and § 15.004 Tex.R.Civ.P.Rem.  Moreover, Hidalgo County is the place of Defendant's residence as well as the place of Defendant's principal office.

## IV.
## FACTUAL BACKGROUND

4.1    On or about September 15, 2001, Gaspar Hinojosa was killed as a result of the collapse of the Queen Isabella Causeway.  The Causeway collapsed after the span was rammed by industrial barges being pushed by a tugboat.  The family members of Gaspar Hinojosa (hereinafter, "Client Family Members") signed contracts of employment, employing Plaintiff herein as their attorney to represent their interest and prosecute a claim for monetary damages against any and all persons and business entities found to be legally responsible for the death of Gaspar Hinojosa.

4.2    Plaintiff will show that after it was hired and after the Client Family Members, had signed contracts of employment with it, Defendant, by and through his agents and employees, made improper contact with the Client Family Members and communicated with them defamatory and untrue information about Plaintiff RAMON GARCIA, P.C., for the purpose of causing the Client Family Members to terminate without cause their existing contracts of employment with Plaintiff, and to hire Defendant.

4.3    Defendant herein, by and through his agents and employees, made disparaging, defamatory, slanderous, and untrue statement about Plaintiff RAMON GARCIA, P.C., herein for the purpose of causing the Client Family Members to hire defendant as their attorney and to breach their Contracts of Employment with Plaintiff. It appears that Defendant's effort was successful, as Defendant was subsequently hired by the Client Family Members.

4.4    Plaintiff has a Forty Percent (40%) valid, legal and enforceable contingency fee assignment interest in the case styled: *Civil Action* B-01-157; In Re The Complaint And Petition For *Brown Water Towing I, Inc., et al., In the Southern District of Texas, Brownsville Division ("Brown Water Towing")*. Plaintiff was discharged without just cause and as such, the Plaintiff has an enforceable legal right to an undivided Forty Percent (40%) interest in all claims, actions demands and causes of action arising by operation of law for the damages or other amounts due and owing to the named Plaintiffs making claims for damages as a result of Gaspar Hinojosa's death, in the case styled *Brown Water Towing*.

4.5    By reason of the conduct of Defendant as set forth herein, Plaintiff has been damaged, has suffered and will suffer in the future, severe economic losses in an amount in excess of the minimum jurisdictional limits of this court for which it now sues.

## V.
## TORTIOUS INTERFERENCE

5.1    Plaintiff realleges herein all factual allegations set forth above and incorporates them by reference.

5.2    Defendant, either in person or by and through his agents and employees, wrongfully, willfully, knowingly, and without justification or excuse, interfered with the existing contractual relationships existing between PLAINTIFF and the Client Family Members. The Defendant sent persons where the Client Family Members could be found for the purpose of causing them to dishonor their Employment Contracts with Plaintiff and to hire Defendant. Such persons employed by Defendant were specifically instructed by him and empowered by him to act in the wrongful manner described herein. Such persons were therefore Defendant's agents and all conduct in which they engaged as herein alleged or as may be proved in as cause was specifically authorized and sanctioned by Defendant, and Defendant is responsible for all such conduct as if he had personally carried it out.

5.3    The Defendant induced, the Client Family Members to enter into contracts of employment with Defendant when the Defendant knew that Client Family Members were already parties to a contract with Plaintiff.

5.4    Defendant knew of the business and contractual relationship Plaintiff had with the Client Family Members or in the exercise of ordinary care should have known of these relationships, and of Plaintiff's business interest therein. Nonetheless, the Defendant intentionally undertook to interfere with such relationships to the detriment

of Plaintiff. The conduct of Defendant is a direct and proximate cause of the damages suffered by Plaintiff.

## VI.
## SLANDER AND SLANDER PER SE

6.1    Plaintiff realleges herein all factual allegations set forth above and incorporates them by reference.

6.2    Defendant, by and through his agents and employees, made defamatory and untrue statements about Plaintiff calling into question its ability to successfully prosecute the Client Family Members' claims.  Such statements were harmful to Plaintiff's business interests and were false.  The statements made were likewise harmful to Plaintiff's good reputation in his business and profession, and as such were slander per se.

6.3    In addition, such untrue comments and statements were made willfully and maliciously and with the knowledge that they were false.  All such conduct is a proximate cause of the damages suffered by Plaintiff.

## VII.
## NEGLIGENCE

7.1    Plaintiff realleges herein all factual allegations set forth above and incorporates them by reference.

7.2    Without waiving any of the counts hereinabove set forth and in the alternative, Plaintiff allege that the conduct of Defendant as described herein constitutes negligence. The acts and omissions alleged hereinabove, either individually or in combination with

)                                    )

such others as yet unknown, were a proximate cause of damages and injuries suffered by Plaintiffs.

7.3    At all relevant times, Defendant's employees were acting as agents and/or servants in furtherance of their own personal business and pecuniary interests and under their full authority to act. To the extent the conduct of Defendant was done through others, such persons were acting, at the direction of Defendant and with full authorization from them. The Defendant is jointly and severally liable for the conduct herein alleged, whether Defendant undertook it personally or through others who were agents or employees. Defendant is responsible for the conduct of such others under the Doctrine of Agency and Respondent Superior for any conduct carried on by such persons at his direction.

## VIII.
## CIVIL CONSPIRACY

8.1    Plaintiff realleges herein all factual allegations set forth above and incorporates them by reference.

8.2    Defendant along with another person or persons agreed and conspired to commit the unlawful, overt or wrongful acts alleged herein to the detriment of the Plaintiffs. The Defendant, along with other, had a preconceived plan an/or conspired to convince the Client Family to employ the Defendants in lieu of Plaintiff by unlawful means.

)                                           )

## IX.
## DEFENDANT'S VIOLATIONS OF THE STATE BAR RULES

9.1     Plaintiff realleges herein all factual allegations set forth above and incorporates them by reference.

9.2     Defendant's conduct as alleged herein constitutes violations of the Texas State Bar Rules which govern the conduct of attorneys in this state.

## X.
## PLAINTIFF'S DAMAGES

10.1    Plaintiffs reallege the above facts as if fully set forth herein and incorporates them by reference.

10.2    By reason of Defendant's conduct as herein described, Plaintiff has suffered damages including the loss of his contractual relationship with the Client Family Members and the reasonable business expectation of the recovery of attorneys' fees stemming from such representation. In addition, should the litigation on behalf of the Client Family Members prove successful, there will be a recovery of substantial attorneys' fees by the Defendant. Defendant's conduct is the direct and proximate cause of the loss of this fee by Plaintiff. In addition, Plaintiff has suffered immeasurable damages from the wrongful, defamatory and untrue remarks made by Defendant.

## XI.
## PUNITIVE DAMAGES

11.1    The conduct of Defendant as herein alleged was carried out with more than momentary thoughtlessness, inadvertence, or error of judgment. Such conduct resulted from such an entire want of care as to establish that the act or omission was the

---

result of actual conscious indifference to the rights of Plaintiff. Such conduct by Defendant constitutes malice specifically intended by Defendant to cause substantial injury to Plaintiff. Alternatively, such conduct was carried out by Defendant with flagrant disregard for the rights of Plaintiff and with actual awareness on the part of Defendant that the act would in reasonable probability result in severe injury, harm, and damage to Plaintiff as a result of the Defendant's gross negligence and intentional conduct. Plaintiff seeks to impose exemplary damages upon the Defendant in an amount to be determined by the trier of fact. Plaintiff intends to show that the factors the jury may consider in determining the amount of exemplary damages which should be awarded include:

    a.  the nature of the wrong committed by the Defendant

    b.  the character of the Defendant's conducts;

    c.  the degree of culpability of the Defendant;

    d.  the situation and sensibilities of the parties concerned; and

    e.  the extent to which the Defendant's conduct offends a public sense of justice and propriety.

11.3    Plaintiff has also suffered lost profits, economic damages, and loss of business opportunity, both in the past and in the future. Plaintiff seeks judgment against the Defendant for all damages which are in excess of the minimum jurisdictional limits of this court, or as may be found by the trier of fact.

## XII.
## <u>JURY DEMAND</u>

12.1    Plaintiff hereby make their request for a jury trial in this cause pursuant to

Rule 216 of the Texas Rules of Civil Procedure and Plaintiff has previously deposited with

the District Clerk of Hidalgo County, County, Texas the requisite jury fee.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully request that

after trial by jury, Plaintiff have;

- a. judgment against Defendant, jointly and severally, for a sum within the jurisdictional limits of the Court for damages suffered in the past and damages which in all likelihood will be suffered, in the future;

- b. pre judgment interest as provided by law;

- c. exemplary damages according to law and in a sum determined by the trier of fact:

- d. Post-judgment interest as provided by law,

- e. costs of suit;

- f. attorneys' fees; and

- g. damages for the harm to the Plaintiff's reputation.

- h. such other and further relief to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

**LAW OFFICE OF RAMON GARCIA, P.C.**
222 W. University Drive
Edinburg, Texas 78539
(956) 383-7441
(956) 381-0825 Facsimile

By: _____

RAMON GARCIA
State Bar No. 07641800
ERIC S. JARVIS
State Bar No.: 24012902



CAUSE NO. <u>C-1325-02-F</u>

| | | |
|---|---|---|
| RAMON GARCIA, P.C. | § | IN THE DISTRICT COURT |
|     PLAINTIFF | § | |
| | § | |
| VS. | § | 332ND  JUDICIAL DISTRICT |
| | § | |
| JULIAN RODRIGUEZ and | § | |
| LAW OFFICES OF JULIAN | | |
| RODRIGUEZ | § | OF HIDALGO COUNTY, TEXAS |
|     DEFENDANTS | | |

## DEFENDANTS' ORIGINAL ANSWER

**NOW COMES** Defendants, **JULIAN RODRIGUEZ** and **LAW OFFICE OF JULIAN RODRIGUEZ** hereinafter named Defendants in the above-entitled and numbered cause, and files this Original Answer, and shows the Court:

### I.

### GENERAL DENIAL

Defendant denies each and every allegation of Plaintiff's Original Petition, and demands strict proof thereof as required by the Texas Rules of Civil Procedure.

### II.

### VERIFIED DENIAL

A.    The Defendants have been improperly named in the lawsuit.

### III.

### AFFIRMATIVE DEFENSES

A.    Defendant claims Plaintiff's suit is barred by the doctrine of collateral estoppel.

B.    Defendant claims Plaintiff's suit is barred by the doctrine of contributory

1

negligence.

C.     Defendant claims Plaintiff's suit is barred by estoppel.

D.     For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that the act or omission of a person other than the Defendants was the sole proximate cause of the incidents in question.

E.     For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively alleges that if Plaintiff was injured as alleged, which is not admitted but is expressly denied, such injuries were caused or contributed to, in whole or in part, by a party for whom Defendants are not responsible.

F.     For further answer, if such be necessary, and pleading in the alternative, Defendants further invoke the provisions of 33.001 of the Texas Civil and Remedies Code.

G.     For further answer, if such be necessary, and pleading in the alternative, Defendants further specifically plead the limitation of recovery of exemplary damages as set forth in Section 41.008, et seq. of the Texas Civil Practice and Remedies Code.

H.     For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively deny that they are liable for exemplary damages and plead affirmatively the provisions of Chapter 41, of the Texas Civil Practices & Remedies Code, including the provisions on applicability, standards for recovery, preclusions, prejudgment interest, and limitations on

2

amount.

I.    For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively state that an award of punitive damages in this case would violate the procedural due process guaranteed by the Constitution of the United States, Texas Law, and the instructions given to the jury, are vague and standardless as to whether and how much to punish a defendant, and are likely to produce arbitrary and capricious results. Therefore, any award of punitive damages should be disallowed, or declared null and void.

## IV.

## JURY DEMAND

Defendants request a trial by jury.

## V.

## PRAYER

Defendants pray the Court, and after notice and hearing or trial, enters judgment in favor of Defendants, awards Defendants the costs of court, attorney's fees, and such other and further relief as Defendants may show himself justly entitled to receive in law or in equity.

Respectfully submitted,

By:_____

JULIAN RODRIGUEZ, JR.
Texas Bar No. 17146770
100 W. PECAN

3

MCALLEN, TEXAS  78501
Tel. (956)682-8801
Fax. (956)682-4544
Attorney for DEFENDANTS

## CAUSE NO. <u>C-1325-02-F</u>

| | | |
|---|---|---|
| RAMON GARCIA, P.C. | § | IN THE DISTRICT COURT |
|      PLAINTIFF | § | |
| | § | |
| VS. | § | 332ND  JUDICIAL DISTRICT |
| | § | |
| JULIAN RODRIGUEZ and | § | |
| LAW OFFICES OF JULIAN RODRIGUEZ | | |
|      DEFENDANTS | § | OF HIDALGO COUNTY, TEXAS |

### <u>VERIFICATION</u>

**BEFORE ME,** the undersigned authority, personally appeared **JULIAN RODRIGUEZ, JR.**, who being duly sworn, deposed as follows:

"My name is **JULIAN RODRIGUEZ, JR..** I am at least 18 years of age and of sound mind. I am personally acquainted with the facts alleged in Defendant's Verified Denial. I hereby swear that the statements in support of Defendant's Verified Denial are true and correct."

_____

JULIAN RODRIGUEZ, JR.

SUBSCRIBED AND SWORN TO BEFORE ME on _____9th_____ , by _August,_ 2002.

_____

Notary Public, State of Texas

VANEZA OCHOA
Notary Public, State of Texas
My Commission Expires
January 22, 2006

5

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of Defendants' Original Answer and Jury

Demand was served as indicated below on August 9th, 2002 in accordance to the Texas

Rules of Civil Procedure.

**LAW OFFICE OF RAMON GARCIA, P.C.**
Attn: Mr. Ramon Garcia
222 W. University Drive
Edinburg, Texas 78539

**VIA FAX (956) 381-0825 and
VIA CERTIFIED MAIL RETURN
RECEIPT REQUESTED**


JULIAN RODRIGUEZ, JR.
ATTORNEY FOR DEFENDANTS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

RAMON GARCIA                          §
Plaintiff,                            §
                                      §
                                      §
V.                                    §        C.A. NO. B-02-160
                                      §
JULIAN RODRIGUEZ  AND                 §
LAW OFFICE OF JULIAN                  §
RODRIGUEZ,                            §

## DEFENDANTS JULIAN RODRIGUEZ and LAW OFFICE OF JULIAN RODRIGUEZ NOTICE OF REMOVAL

Defendants JULIAN RODRIGUEZ and LAW OFFICES OF JULIAN RODRIGUEZ

files this notice of removal under 28 U.S.C. §1446(a).

### A. Introduction

1.    Ramon Garcia, P.C. is Plaintiff.    Julian Rodriguez and Law Office of Julian
      Rodriguez are the Defendants.

2.    On 7/22/02, plaintiff sued defendants for tortious interference of contractual matters,
      negligence, civil conspiracy, and for other alleged violations.

3.    This case becomes removable pursuant to the federal district court's exercise of
      supplemental jurisdiction, 28 U.S.C. §1367 and, in the alternative, it becomes
      removable because this case presents a federal question under 28 U.S.C. §1441.

### B. Basis for Removal

4.    Removal is proper because plaintiff's claim arises out of, as a consequence of, or
      in connection with case styled: Civil Action No. B-01-157 Consolidated with Civil
      Action No. B-02-004; *In Re The Complaint And Petition For Brown Water Towing*

1

*I, Inc.,* et. al., In the Southern District of Texas, Brownsville Division. First and foremost, plaintiff's claims are brought in violation of a federal district court Order Directing Claimants To File And Make Proof of Claims, Directing The Issuance Of Monition, And Restraining Prosecution Of Claims whereby plaintiff's claim shall be stayed, and restrained until the hearing and termination of this proceeding In the Southern District of Texas, Brownsville Division.

A true and correct copy of the Order Directing Claimants To File And Make Proof of Claims, Directing The Issuance Of Monition, And Restraining Prosecution Of Claims is attached as "Exhibit A" and incorporated by reference.

5.    Secondly, removal is proper because plaintiff's claim arises out of, as a consequence of, or in connection with case styled: Civil Action No. B-01-157 Consolidated with Civil Action No. B-02-004; *In Re The Complaint And Petition For Brown Water Towing I, Inc.,* et. al., In the Southern District of Texas, Brownsville Division and the federal district court's exercise of supplemental jurisdiction, 28 U.S.C. §1367. Section 1367 (a) authorizes a federal court to exercise jurisdiction over certain pendent claims, pendent parties, and ancillary claims under the principle of supplemental jurisdiction and expressly provides for the removal of this suit, <u>Stromberg Metal Works, Inc. v. Press Mech,, Inc.,</u> 77 F.3d 928, 931 (7th Cir. 1996).

6.    Alternatively, plaintiff's suit involves federal question pursuant to 28 U.S.C. §1441. Parenthetically, the federal court will determine the basis for exoneration of liability and damages under maritime law.

7.    All pleadings, process, orders, and all other filings in the state court action are

2

attached to this notice as required by 28 U.S.C. §1441(a) and are labeled as "Exhibit B."

8.    Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place in which the removed action has been pending.

9.    Defendant will file promptly a copy of this notice of removal with the clerk of the state court in which the action has been pending.

10.   This notice is filed with this Court within 30 days after service on Defendants of Plaintiff's Original Petition in the above- entitled action.

## C. Jury Demand

11.   Plaintiff did demand a jury in the state court action.

## D. Conclusion

12.   In summary, on 7/22/02, plaintiff sued defendant for tortious interference, slander and slander per se, negligence, civil conspiracy, and for violations of the state bar rules. Defendant seeks to remove plaintiff's claim as originally filed in state court to the Southern District of Texas, Brownsville Division under Civil Action No. B-01-157 Consolidated with Civil Action No. B-02-004; *In Re The Complaint And Petition For Brown Water Towing I, Inc.*, et. al., pursuant to the federal district court's exercise of supplemental jurisdiction, 28 U.S.C. §1367.

13.   **WHEREFORE**, Defendants pray that the above-entitled action be removed from the 332nd Judicial District Court of Hidalgo County, Texas to this Court in the above-entitled action.

Respectfully submitted on 20th day of August, 2002.

3

Respectfully submitted,

LAW OFFICE OF JULIAN RODRIGUEZ, JR.
100 W. PECAN
MCALLEN, TEXAS 78501
TEL:  (956) 682-8801
FAX:  (956) 682-4544


By:_____
    JULIAN RODRIGUEZ, JR.
    Texas State Bar No: 17146770
    ATTORNEY FOR DEFENDANTS

4

TOTAL P.06,

# Law Office of

# Julian Rodriguez, Jr.

### 100 W. Pecan
### McAllen, Texas 78501

Tel: (956) 682-8801                                    Fax: (956) 682-4544

### DATE: September 10, 2002

TO: Leticia                                    FAX NO: (956) 387-0825

RE:

**STYLE:**      RAMON GARCIA VS. JULIAN RODRIGUEZ AND LAW
               OFFICE OF JULIAN RODRIGUEZ
**CAUSE NO:**   C.A. NO. B-02-160
**OUR FILE NO:** 02-042

___5___ Number of pages including this cover sheet.

_____ Original will follow by First Class Mail.

_____ Original will follow by Certified Mail.

___✓___ Original will not follow.

MESSAGE: *If you need anything else please call me.*

_____

_____

_____

### From: Vanesa Ochoa

## CONFIDENTIAL NOTE

This facsimile contains CONFIDENTIAL INFORMATION which may be legally privileged and which is intended only for the use of the addressee(s) name above. If you are not the intended recipient of this facsimile, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the above address via the united states postal service. Thank you.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAMON GARCIA<br>Plaintiff, | §<br>§<br>§ | |
| V. | §<br>§ | C.A. NO. B-02-160 |
| JULIAN RODRIGUEZ  AND<br>LAW OFFICE OF JULIAN<br>RODRIGUEZ, | §<br>§<br>§ | |

**DEFENDANTS  JULIAN RODRIGUEZ and LAW OFFICE OF JULIAN RODRIGUEZ
FIRST SUPPLEMENTAL NOTICE OF REMOVAL**

Defendants JULIAN RODRIGUEZ and LAW OFFICES OF JULIAN RODRIGUEZ

files this notice of removal under 28 U.S.C. §1446(a).

### A. Introduction

1.    Ramon Garcia, P.C. is Plaintiff.    Julian Rodriguez and Law Office of Julian
Rodriguez are the Defendants.

2.    On 7/22/02, plaintiff sued defendants for tortious interference of contractual matters,
negligence, civil conspiracy, and for other alleged violations.

3.    This case becomes removable pursuant to the federal district court's exercise of
supplemental jurisdiction, 28 U.S.C. §1367 and, in the alternative, it becomes
removable because this case presents a federal question under 28 U.S.C. §1441.

### B. Basis for Removal

4.    Removal is proper because plaintiff's claim arises out of, as a consequence of, or
in connection with case styled: Civil Action No. B-01-157 Consolidated with Civil
Action No. B-02-004; *In Re The Complaint And Petition For Brown Water Towing*

1

*I, Inc.,* et. al., In the Southern District of Texas, Brownsville Division. First and foremost, plaintiff's claims are brought in violation of a federal district court Order Directing Claimants To File And Make Proof of Claims, Directing The Issuance Of Monition, And Restraining Prosecution Of Claims whereby plaintiff's claim shall be stayed, and restrained until the hearing and termination of this proceeding In the Southern District of Texas, Brownsville Division.

A true and correct copy of the Order Directing Claimants To File And Make Proof of Claims, Directing The Issuance Of Monition, And Restraining Prosecution Of Claims is attached as "Exhibit A" and incorporated by reference.

5.    Secondly, removal is proper because plaintiff's claim arises out of, as a consequence of, or in connection with case styled: Civil Action No. B-01-157 Consolidated with Civil Action No. B-02-004; *In Re The Complaint And Petition For Brown Water Towing I, Inc.,* et. al., In the Southern District of Texas, Brownsville Division and the federal district court's exercise of supplemental jurisdiction, 28 U.S.C. §1367. Section 1367 (a) authorizes a federal court to exercise jurisdiction over certain pendent claims, pendent parties, and ancillary claims under the principle of supplemental jurisdiction and expressly provides for the removal of this suit, <u>Stromberg Metal Works, Inc. v. Press Mech., Inc.,</u> 77 F.3d 928, 931 (7th Cir. 1996).

6.    Alternatively, plaintiff's suit involves federal question pursuant to 28 U.S.C. §1441. Parenthetically, the federal court will determine the basis for exoneration of liability and damages under maritime law.

7.    All pleadings, process, orders, and all other filings in the state court action are

2

attached to this notice as required by 28 U.S.C. §1441(a) and are labeled as "Exhibit B."

8.  Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place in which the removed action has been pending.

9.  Defendant will file promptly a copy of this notice of removal with the clerk of the state court in which the action has been pending.

10. This notice is filed with this Court within 30 days after service on Defendants of Plaintiff's Original Petition in the above- entitled action.

### C. Jury Demand

11. Plaintiff did demand a jury in the state court action.

### D. Conclusion

12. In summary, on 7/22/02, plaintiff sued defendant for tortious interference, slander and slander per se, negligence, civil conspiracy, and for violations of the state bar rules. Defendant seeks to remove plaintiff's claim as originally filed in state court to the Southern District of Texas, Brownsville Division under Civil Action No. B-01-157 Consolidated with Civil Action No. B-02-004; *In Re The Complaint And Petition For Brown Water Towing I, Inc.,* et. al., pursuant to the federal district court's exercise of supplemental jurisdiction, 28 U.S.C. §1367.

13. **WHEREFORE**, Defendants pray that the above-entitled action be removed from the 332nd Judicial District Court of Hidalgo County, Texas to this Court in the above-entitled action.

Respectfully submitted on 20th day of August, 2002.

3

Respectfully submitted,

**LAW OFFICE OF JULIAN RODRIGUEZ, JR.**
**100 W. PECAN**
**MCALLEN, TEXAS 78501**
**TEL: (956) 682-8801**
**FAX: (956) 682-4544**

By: _____

JULIAN RODRIGUEZ, JR.
Texas State Bar No: 17146770
ATTORNEY FOR DEFENDANTS

4

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Defendants First Supplemental Notice of Removal was served to all counsel listed below on August 27th, 2002 in accordance to the Texas Rules of Civil Procedure via first class mail.

**RAMON GARCIA,**
**LAW OFFICE OF RAMON GARCIA, P.C.**
222 W. University Dr.
Edinburg, TX 78539

**ATTORNEY FOR PLAINTIFF**

**RAY R. MARCHAN**
**WATTS & HEARD, L.L.P.**
1926 Elizabeth
Brownsville, TX 78520

**ATTORNEY FOR CLAIMANTS**

By: _____
JULIAN RODRIGUEZ, JR.
ATTORNEY FOR DEFENDANTS

C-1325-02-F

DISTRICT COURT, HIDALGO COUNTY, TEXAS 332nd District Court
JUDICIAL DISTRICT OF TEXAS

FILED
AT 10:30 O'CLOCK P M

JUL 23 2002

---

CITATION

---

RAMON GARCIA, P.C.
vs.
JULIAN RODRIGUEZ ET AL,.

PAULINE C. GONZALEZ, CLERK
District Courts, Hidalgo County
By _____ Deputy

---

THE STATE OF TEXAS

TICE TO DEFENDANT:  You have been sued.  You may employ an attorney.
 you or your attorney do not file a written answer with the clerk
 issued this citation by 10:00 a.m. on the Monday next following
 e expiration of twenty(20) days after you were served with this
 tation and petition, a default judgment may be taken against you.
To: JULIAN RODRIGUEZ JR
    LAW OFFICES OF JULIAN RODRIGUEZ
    100 W PECAN
    MCALLEN TEXAS 78501

 You are hereby commanded to appear by filing a written answer to
 e PLAINTIFF'S ORIGINAL PETITION  on or before 10:00 o'clock a.m. on the Monday
 xt after the expiration of twenty (20) days after the date of
 rvice hereof, before the Honorable 332nd District Court of Hidalgo County,
 xas at the Courthouse at 100 N. Closner, Edinburg, Texas 78539.

    Said Petition was filed on the 8th of July,
    2002 and a copy of same accompanies this citation.
    The file number and style of said suit being No. C-1325-02-F
                RAMON GARCIA, P.C.
                       vs.
                JULIAN RODRIGUEZ ET AL,.
    Said Petition was filed in said court by GARCIA, RAMON
    222 W. UNIVERSITY DR.  EDINBURG, TX 78539
    The nature of the demand is fully shown by a true and correct
    copy of the petition accompanying this citation and made a part
    hereof.

    The officer executing this writ shall promptly serve the same
    according to requirements of law, and the mandates thereof, and
    make due return as the law directs.

    Issued and Given under my hand and seal of said Court, at
    Edinburg, Texas this the 9th day of July, 2002 .

                        Pauline G. Gonzalez, District Clerk
                        Hidalgo County Texas

                    By: _____
                        VIOLA WISE  332nd District Court Clerk

                    Officer's Return
 Came to hand on  10th of  July , 2002 at  5.00 o'Clock  P .m. and
 cuted in Hidalgo County, Texas by delivering to each of the within
 ed defendants in person, a true copy of this citation, upon which I
 orsed the date of delivery, to said def., together with the
 ompaying copy of the Pltf.'s Petition at the following times and

```
-------------------------------------------------- LAW office -----
me Andrew Rodriguez |DATE 7-22-02 |Time 5:15pm |Place: 100 W. Pecan
-------------------------------------------------- McAllen, Texas 78501
d not executed as to the defendant,_____
e diligence used in finding said defendant, being:_____
d the cause of failure to execute this process is:_____
d the information received as to the whereabouts of said defendant,
ing:_____ I actually and necessarily
aveled_____ miles in the service of this citation, in addition to
y other mileage I may have traveled in the service of other process
 the same case during the same trip.
es: serving....copy(s) $ 75⁰⁰
      miles.............$_____                 by: _____
```

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAMON GARCIA, P.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. B-02-160 |
| | § | |
| JULIAN RODRIGUEZ and | § | |
| LAW OFFICES OF JULIAN | § | |
| RODRIGUEZ, | § | |
| | § | |
| Defendants. | | |

## AFFIDAVIT OF JOHN C. SCHWAMBACH, JR.

Before me, the undersigned notary, on this day, personally appeared John C. Schwambach, Jr., a person whose identity is known to me. After I administered an oath to him, upon his oath, he said:

My name is John C. Schwambach, Jr. I am over eighteen (18) years of age. I am a resident of the State of Texas. I have never been convicted of a crime, and I am fully competent to make this Affidavit. All statements within this Affidavit are within my personal knowledge and are true and correct.

I am an attorney licensed to practice in the State of Texas and have been so licensed since November 1991.

I am one of the associates of Robert E. Ammons, attorney of record for Plaintiff in the above-styled and numbered cause. The law firm of Stevenson & Ammons, L.C. is principally engaged in personal injury litigation throughout the State of Texas with cases pending in both state and federal courts.

Julian Rodriguez and the Law Offices of Julian Rodriguez removed this case from the

332nd Judicial District Court of Hidalgo County, Texas on August 20, 2002. In turn, Robert E.

Ammons, Plaintiff's attorney-in-charge in the above-styled and numbered cause, asked me to

prepare Plaintiff's Motion to Remand for filing in the above-styled and numbered cause.

Thereafter, I reviewed relevant portions of the pleadings and correspondence previously

generated by the parties and their attorneys in this case.

Thereafter, I wrote Plaintiff's Motion to Remand and compiled the exhibits attached to

the same. In addition, I wrote this Affidavit. Plaintiffs' Motion to Remand totaled sixteen (16)

pages with six (6) exhibits. I spent twelve (12) hours in researching and writing Plaintiff's

Motion to Remand and compiling the exhibits attached to the same.

In my opinion, a reasonable hourly rate for my time in performing the type of work, as

detailed above, is two hundred dollars ($200.00) per hour. Also, in my opinion a reasonable and

necessary attorney's fee of two thousand four hundred dollars ($2,400.00) for the above-

referenced work is reasonable in relation to the amount of work that I expended in researching

and writing the aforementioned document and in relation to the issues raised in and by the Notice

of Removal. This fee is reasonable and necessary for the services that I performed.

I am familiar with fees usually and customarily charged by lawyers in Harris County for

services performed for the type of litigation involved in this suit. This fee falls well within the

parameters of the fees charged in the Harris County area for the same or similar services of an

attorney with my experience, reputation, and ability.

Further affiant sayeth not.

JOHN C. SCHWAMBACH, JR.

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned Notary Public, on this the _18th_ day of September 2002, to certify which witness my hand and official seal.



Notary Public in and for
The State of Texas

_Martha R. Flores_

Printed or Stamped Name of Notary

My Commission Expires: _2/20/06_