9

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 2 1 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| RAMON GARCIA, P.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. B-02-160 |
| | § | |
| JULIAN RODRIGUEZ and | § | |
| LAW OFFICES OF JULIAN | § | |
| RODRIGUEZ, | § | |
| | § | |
| Defendants. | § | |

### PLAINTIFF'S REPLY TO
### DEFENDANTS' MEMORANDUM IN OPPOSITION TO
### PLAINTIFF'S MOTION TO REMAND

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Comes now Ramon Garcia, P.C., Plaintiff in the above-styled and numbered cause, and pursuant to 28 U.S.C. §1447(c), files its Reply to the Memorandum in Opposition to Plaintiff's Motion to Remand that Julian Rodriguez and the Law Offices of Julian Rodriguez, Defendants in the above-styled and numbered cause (sometimes referred to collectively as "Defendants"), have filed herein.

As grounds for remand, Plaintiff would show this Honorable Court as follows:

### I.

### Introduction

The above-styled and numbered cause arises from a dispute between an Edinburg law firm and a McAllen lawyer regarding the representation of certain clients.  Plaintiff asserted state law claims of tortious interference with contract, slander, negligence, civil conspiracy, and violation of the Texas State Bar Rules against Julian Rodriguez. See Plaintiff's Original Petition, paragraph 5.1-

9.2, attached hereto as Exhibit "1" and incorporated herein by reference as if fully set forth. Plaintiff did not assert any federal law claims or maritime claims in its Original Petition. Id.

Nevertheless, Defendants removed the above-styled and numbered cause on August 20, 2002. See Defendants' Original Notice of Removal attached hereto as Exhibit "2" and incorporated herein by reference as if fully set forth. Defendants seek to delay the resolution of Plaintiff's state law claims in state court by asking this Honorable Court to consolidate this dispute between Hidalgo County law firms with a multi-party, complex maritime case.[1]

To successfully execute this obvious delaying maneuver, Defendants must convince this Honorable Court that: (1) it has subject matter jurisdiction over Plaintiff's state law claims; and (2) Plaintiff's state law claims of tortious interference with contract, slander, negligence, civil conspiracy, and violations of the Texas State Bar Rules relate substantially to Brownwater Towing I, Inc.'s and American Commercial Lines, L.L.C.'s claims under federal maritime law in general and the Limitation of Shipowners' Liability Act in particular. [2]

Defendants' effort should end in failure. First, this Honorable Court does not have subject matter jurisdiction over Plaintiff's state law claims. With regard to 28 U.S.C. §1367, an already-

---

[1] Defendants have finally filed their Motion to Consolidate. See Plaintiff's Motion to Remand and Response to Defendants' Memorandum in Support of Motion to Consolidate, fn. 1 and p. 12. Through this Motion, Defendants seek to consolidate the above-styled and numbered cause with the limitation proceeding filed under the general maritime law styled In re the Complaint and Petition for Brownwater Towing, I, Inc., as Owner, and Brownwater Marine Service, Inc., as Bareboat Charterers, of the Brownwater V, its Engines, Tackle, Etc., and a Cause of Exoneration From or Limitation of Liability, C.A. No. B-01-157, that is presently before this Honorable Court.

[2] Plaintiff submits that Defendants cannot show that this Honorable Court has subject matter jurisdiction over Plaintiff's state law claims and that, therefore, this Honorable Court will not reach Defendants' Motion to Consolidate. However, Plaintiff is filing its Response to Defendants' Motion to Consolidate contemporaneously with this Reply.

existing federal action, like the limitation of liability proceedings pending in this Honorable Court, cannot provide the mechanism for removal of a non-removable state-court action, like the above-styled and numbered cause.  In re Estate of Tabas, 879 F.Supp. 464, 467 (E.D. Pa. 1995). Concerning 28 U.S.C. §1331, Defendants have conceded that Plaintiff has asserted only state law claims in its state court petition. See Defendants' Memorandum in Opposition, p. 2 ("Even though the Plaintiff did not assert any federal law claims against Defendants, . . ."). Accordingly, based on the "well-pleaded-complaint rule," this Honorable Court should conclude that federal question jurisdiction does not exist in this case. See Avitts v. Amoco Prod. Co., 53 F.3d 690, 693 (5th Cir. 1995) ("there is no doubt that Appellees have chosen to pursue only state law causes of action" and "it is plain that removal jurisdiction under 28 U.S.C. §1441 simply did not exist").

Second, Defendants have insistently argued that "Plaintiff is suing in State court in direct violation of a federal court order named 'ORDER DIRECTING CLAIMANTS TO FILE AND MAKE PROOF OF CLAIMS, DIRECTING THE ISSUANCE OF MONITION, AND RESTRAINING PROSECUTION OF CLAIM,' in Civil Action No. B-01-157, explained generally by Defendants' notice of removal."  See Defendants' Memorandum in Opposition, p. 2 (original capitals and underline). The Fifth Circuit has held that the benefits of the Limitation of Shipowners' Liability Act are, by their plain terms, conferred on shipowners only. See Zapata Haynie Corp. v. Arthur, 926 F.2d 484, 485 (5th Cir. 1991). As a result, the Fifth Circuit concluded that the injunction in a limitation of liability proceeding does not preclude a state court suit against the master of a vessel.  Id.  Likewise, the Fifth Circuit has held that a shipowner's insurers are not afforded the protection of the injunction in a limitation of liability proceeding.  See In re Seabulk Offshore, Ltd., 158 F.3d 897, 900 (5th Cir. 1998)("We have declined, however, to establish an ironclad rule requiring

a stay of a direct action lawsuit against a shipowner's insurers"). A fortiori, if the master and insurer of a vessel made the subject of a limitation of liability proceeding do not fall within the ambit of the injunction, then certainly an attorney for claimants in a limitation of liability proceeding does not receive the protection of the injunction issued in In re the Complaint and Petition for Brownwater Towing, I, Inc., as Owner, and Brownwater Marine Service, Inc., as Bareboat Charterers, of the Brownwater V, its Engines, Tackle, Etc., and a Cause of Exoneration From or Limitation of Liability.

Accordingly, Defendants' delaying strategy should fail. Accordingly, this Honorable Court should remand this case to the 332nd Judicial District Court of Hidalgo County, Texas and order Defendants to pay $2,400.00 to Ramon Garcia, P.C. for just costs and actual expenses, including attorney's fees.

## II.

## 28 U.S.C. §1367 Cannot Be a Basis for Removal

Defendants removed this case on the basis of 28 U.S.C. § 1367. Id. at paragraph 3 ("This case becomes removable pursuant to the federal district court's exercise of supplemental jurisdiction, 28 U.S.C. § 1367 . . ."). In this connection, Defendants have argued that ". . ., **this state action** can properly be joined to a pending federal action under supplemental jurisdiction . . ." and that "[t]he essence of Plaintiff's claims rest on the outcome of a pending federal action that will affect [sic] all parties involved in the existing action." See Defendants' Memorandum in Opposition, pgs. 2 and 4 (bold added).

Defendants have failed to provide this Honorable Court with any case, wherein a District or Circuit Court held that 28 U.S.C. §1367 served as a basis for removal. Even though Defendants have

cited to <u>George v. Borden Chems. and Plastics Operating Ltd. Partnerships,</u> 960 F.Supp. 92 (M.D.

La. 1997) for the proposition that "28 U.S.C. §1367 allows a state action to be heard in a pending

federal action if the state action is brought as a result or in connection with a pending federal action,"

Defendants have misstated the result and holding of <u>George.</u> Therein, the District Court wrote:

> Because the defendants have failed to find a federal claim in the state court petition
> itself **and because defendants' removal petition may not base subject matter
> jurisdiction on the supplemental jurisdiction statute,** this court lacks subject
> matter jurisdiction over this action. **Plaintiffs' motion to remand is hereby
> GRANTED** and this action will be remanded to the 23rd Judicial District Court for
> the Parish of Ascension, Louisiana.

960 F.Supp. at 96 (bold added). Thus, contrary to Defendants' representations, <u>George</u> cannot be

read for the proposition that "28 U.S.C. §1367 allows a state action to be heard in a pending federal

action . . ."

Moreover, Defendants' discussion of Plaintiff's cardinal case, <u>In re Estate of Tabas,</u> supports

Plaintiff's position on this issue rather than Defendants' position.

> In <u>Tabas,</u> the court stated that "supplemental jurisdiction alone does not allow a party
> to remove an otherwise unremovable action," <u>Id.</u> 467. However, in <u>Tabas,</u> the
> Plaintiffs failed to allege a federal claim altogether in their petition and sought to now
> "create" federal jurisdiction by calling on <u>28 U.S.C. §1367.</u> **In <u>Tabas,</u> the court
> could not create jurisdiction where the Plaintiff had failed to allege proper
> jurisdiction in its initial petition.**

<u>See</u> Defendants' Memorandum in Opposition, p. 4 (bold added); <u>see also</u> <u>id.</u> at 5 ("Even in

Plaintiff's much cited case of <u>Tabas,</u> where the movant had no basis of federal jurisdiction and was

not allowed to create jurisdiction through <u>28 U.S.C. §1367,</u> . . .").

In its state court petition, Plaintiff has asserted only state law claims. <u>See</u> Exhibit "1,"

paragraphs 5.1-9.2. Not surprisingly, then, Defendants have conceded that Plaintiff has asserted only

state law claims in its state court petition. <u>See</u> Defendants' Memorandum in Opposition, p. 2 ("Even

though the Plaintiff did not assert any federal law claims against Defendants, . . .") and ("Additionally, this state action can properly be joined to a pending federal action under supplemental jurisdiction . . ."). Accordingly, like the defendants in George and In re Estate of Tabas, Defendants in this case "have failed to find a federal claim in the state court petition" of Plaintiff. Therefore, like the District Courts in George and In re Estate of Tabas, this Honorable Court should remand this case to the 332nd Judicial District Court of Hidalgo County, Texas.

## III.

### This Honorable Court Does Not Have Federal Question Jurisdiction

In the alternative, Defendants have alleged that this case presents a federal question. Id. (". . ., in the alternative, it becomes removable because this case presents a federal question under 28 U.S.C. § 1441.").[3]

However, as noted above, in their Memorandum in Opposition, Defendants have conceded that Plaintiff has asserted only state law claims in its state court petition. See Defendants' Memorandum in Opposition, p. 2 ("Even though the Plaintiff did not assert any federal law claims against Defendants, . . .") and ("Additionally, this state action can properly be joined to a pending federal action under supplemental jurisdiction . . .").

Accordingly, based upon these judicial admissions and the "well-pleaded-complaint rule," this Honorable Court should conclude that federal question jurisdiction does not exist in this case. See Avitts, 53 F.3d at 693 ("there is no doubt that Appellees have chosen to pursue only state law

---

[3] Of course, 28 U.S.C. §1441 does not codify federal question jurisdiction. As this Honorable Court is well aware, 28 U.S.C. §1331 codifies federal question jurisdiction. 28 U.S.C. §1441 entitled "Actions Removable Generally," sets out the parameters for removal of state court actions.

causes of action" and "it is plain that removal jurisdiction under 28 U.S.C. §1441 simply did not

exist"). Therefore, this Honorable Court should remand this case to the 332nd Judicial District Court

of Hidalgo County, Texas.

**IV.**

**Plaintiff's Prosecution of State Law Claims in State Court**
**Does Not Violate This Honorable Court's Order**

Defendants have insistently argued that "Plaintiff is suing in State court in direct violation

of a federal court order named 'ORDER DIRECTING CLAIMANTS TO FILE AND MAKE

PROOF OF CLAIMS, DIRECTING THE ISSUANCE OF MONITION, AND RESTRAINING

PROSECUTION OF CLAIM,' in Civil Action No. B-01-157, explained generally by Defendants'

notice of removal." See Defendants' Memorandum in Opposition, p. 2 (original capitals and

underline).

Brown Water Towing, Inc. and American Commercial Lines, L.L.C. have limitation of

liability proceedings presently pending before this Honorable Court. These proceedings arise from

the collapse of the Queen Isabella Causeway. In this way, Brown Water Towing, Inc. and American

Commercial Lines, L.L.C. have sought the protection of the Limitation of Vessel Owner's Liability

Act ("Act"). The Limitation Act provides that a shipowner's liability for any damage arising from

a disaster at sea occasioned without the privity or knowledge of the shipowner shall be limited to the

value of the vessel and its freight. See 46 U.S.C. §183. Where the ship's value is not enough to

satisfy all the claims against it, the Limitation Act provides for equitable apportionment among the

claimants. See 46 U.S.C. §184. When the shipowner files a petition for exoneration from or

limitation of liability, like Brownwater Towing, Inc. and American Commercial Lines, L.L.C. have

-7-

done in this case, "all claims and proceedings against the owner with respect to the matter in question shall cease." See 46 U.S.C. §185.

The Fifth Circuit has held that the benefits of the Limitation Act are, by their plain terms, conferred on shipowners only. See Zapata Haynie Corp., 926 F.2d at 485. As a result, the Fifth Circuit concluded that the injunction in a limitation of liability proceeding does not preclude a state court suit against the master of a vessel. Id. (affirming the District Court's refusal to stay a state court action against the master of the F/V Northumberland). Likewise, the Fifth Circuit has held that a shipowner's insurers are not afforded the protection of the injunction in a limitation of liability proceeding. See In re Seabulk Offshore, Ltd., 158 F.3d at 900 ("We have declined, however, to establish an ironclad rule requiring a stay of a direct action lawsuit against a shipowner's insurers"). District Courts within this Circuit have followed both Zapata Haynie Corp. and In re Seabulk Offshore, Ltd. See, e.g., Trico Marine Assets, Inc. v. Diamond Servs. Corp., Nos. Civ. A. 99-0209, Civ. A. 99-0237, Civ. A. 99-0264, 2000 WL 1335851, at *2 (E.D. La. September 24, 2000)(citing In re Seabulk Offshore, Ltd. and denying Motion to Modify Stay to include excess underwriters); In re Diamond B Marine Servs., Inc., Nos. Civ. A. 99-951, Civ. A. 99-984, Civ. A. 99-1346, 2000 WL 726885, at *2 (E.D. La. June 5, 2000)(citing Zapata Haynie Corp. and denying Motion to Enjoin State Court Action and for Expansion of Restraining Orders regarding state court cases against captain and mate of vessel).

A fortiori, if the master and insurer of a vessel made the subject of a limitation of liability proceeding do not fall within the ambit of the injunction, then certainly an attorney for claimants in a limitation of liability proceeding does not receive the protection of the injunction issued in In re the Complaint and Petition for Brownwater Towing, I, Inc., as Owner, and Brownwater Marine

Service, Inc., as Bareboat Charterers, of the Brownwater V, its Engines, Tackle, Etc., and a Cause of Exoneration From or Limitation of Liability.

WHEREFORE, PREMISES CONSIDERED, Ramon Garcia, P.C. requests respectfully that this Honorable Court (1) remand this case to the 332nd Judicial District Court of Hidalgo County, Texas, (2) order Julian Rodriguez and Law Offices of Julian Rodriguez to pay $2,400.00 to Ramon Garcia, P.C. for just costs and actual expenses, including attorney's fees; (3) in the alternative and without waiving the foregoing, deny Defendants' request for consolidation in its entirety; and (4) grant it such other and further relief, both at law and in equity, to which it may show itself justly entitled.

Respectfully submitted,

**STEVENSON & AMMONS, L.C.**

By:

**ROBERT E. AMMONS**
Attorney-In-Charge
Texas State Bar No. 01159820
Southern District of Texas No. 11742
3700 Montrose Avenue
Houston, Texas 77006
(713) 523-3030
(713) 523-4747 (FAX)

Attorneys for Ramon Garcia, P.C.

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of Plaintiff's Reply to Defendants' Memorandum in Opposition to Plaintiff's Motion to Remand has been mailed via certified mail, return receipt requested, to all counsel of record pursuant to the Federal Rules of Civil Procedure on this __2/__ day of October, 2002.

ROBERT E. AMMONS

FILED

CAUSE NO. C-1325-02-F AT _____ O'CLOCK _____ M

JUL 0 8 2002

PAULINE G. GONZALEZ CLERK
District Courts, Hidalgo County
By _____ Deputy

| | | |
|---|---|---|
| RAMON GARCIA, P.C. | § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| VS. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| JULIAN RODRIGUEZ and | § | |
| LAW OFFICES OF JULIAN RODRIGUEZ | § | 389ⁿᵈ JUDICIAL DISTRICT |
| | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **Ramon Garcia, P.C.,** hereinafter referred to as Plaintiff, in the above captioned cause and files this Original Petition and would respectfully show the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.1    This action should proceed under Discovery Control Plan Level 2 pursuant to Texas Rules of Civil Procedure Rule 190.3.

### II.
### PARTIES

2.1    Plaintiff RAMON GARCIA, P.C., is a Texas Professional Corporation engaged in the practice of law with offices in Edinburg, Hidalgo County, Texas.

2.2    Defendant Julian Rodriguez, Jr., is an individual duly licensed to practice law in the State of Texas, and who carries on his business at the Law Offices of Julian Rodriguez located at 100 W. Pecan, McAllen, Texas 78501 and may be served with process by serving a citation and a copy of this petition at the address mentioned above. Defendant will be served by citation by a private process server at Plaintiff's direction.

---

PLAINTIFF'S ORIGINAL PETITION                                                                 1

## III.
## JURISDICTION AND VENUE

3.1     Venue is properly maintained in Hidalgo County, Texas, pursuant to sections 15.002, 15.004 and 15.017 of the Texas Civil Practice and Remedies code in that the causes of action arose in whole or in substantial part in Hidalgo County, Texas and venue is mandatory in Hidalgo County, Texas, under § 15.017 and § 15.004 Tex.R.Civ.P.Rem.  Moreover, Hidalgo County is the place of Defendant's residence as well as the place of Defendant's principal office.

## IV.
## FACTUAL BACKGROUND

4.1     On or about September 15, 2001, Gaspar Hinojosa was killed as a result of the collapse of the Queen Isabella Causeway.  The Causeway collapsed after the span was rammed by industrial barges being pushed by a tugboat.  The family members of Gaspar Hinojosa (hereinafter, "Client Family Members") signed contracts of employment, employing Plaintiff herein as their attorney to represent their interest and prosecute a claim for monetary damages against any and all persons and business entities found to be legally responsible for the death of Gaspar Hinojosa.

4.2     Plaintiff will show that after it was hired and after the Client Family Members, had signed contracts of employment with it, Defendant, by and through his agents and employees, made improper contact with the Client Family Members and communicated with them defamatory and untrue information about Plaintiff RAMON GARCIA, P.C., for the purpose of causing the Client Family Members to terminate without cause their existing contracts of employment with Plaintiff, and to hire Defendant.

4.3    Defendant herein, by and through his agents and employees, made disparaging, defamatory, slanderous, and untrue statement about Plaintiff RAMON GARCIA, P.C., herein for the purpose of causing the Client Family Members to hire defendant as their attorney and to breach their Contracts of Employment with Plaintiff.  It appears that Defendant's effort was successful, as Defendant was subsequently hired by the Client Family Members.

4.4    Plaintiff has a Forty Percent (40%) valid, legal and enforceable contingency fee assignment interest in the case styled: *Civil Action* B-01-157; In Re The Complaint And Petition For *Brown Water Towing I, Inc., et al., In the Southern District of Texas, Brownsville Division ("Brown Water Towing")*.  Plaintiff was discharged without just cause and as such, the Plaintiff has an enforceable legal right to an undivided Forty Percent (40%) interest in all claims, actions demands and causes of action arising by operation of law for the damages or other amounts due and owing to the named Plaintiffs making claims for damages as a  result of Gaspar Hinojosa's death, in the case styled *Brown Water Towing*.

4.5    By reason of the conduct of Defendant as set forth herein, Plaintiff has been damaged, has suffered and will suffer in the future, severe economic losses in an amount in excess of the minimum jurisdictional limits of this court for which it now sues.

# V.
## TORTIOUS INTERFERENCE

5.1    Plaintiff realleges herein all factual allegations set forth above and incorporates them by reference.

5.2    Defendant, either in person or by and through his agents and employees, wrongfully, willfully, knowingly, and without justification or excuse, interfered with the existing contractual relationships existing between PLAINTIFF and the Client Family Members. The Defendant sent persons where the Client Family Members could be found for the purpose of causing them to dishonor their Employment Contracts with Plaintiff and to hire Defendant. Such persons employed by Defendant were specifically instructed by him and empowered by him to act in the wrongful manner described herein. Such persons were therefore Defendant's agents and all conduct in which they engaged as herein alleged or as may be proved in as cause was specifically authorized and sanctioned by Defendant, and Defendant is responsible for all such conduct as if he had personally carried it out.

5.3    The Defendant induced, the Client Family Members to enter into contracts of employment with Defendant when the Defendant knew that Client Family Members were already parties to a contract with Plaintiff.

5.4    Defendant knew of the business and contractual relationship Plaintiff had with the Client Family Members or in the exercise of ordinary care should have known of these relationships, and of Plaintiff's business interest therein. Nonetheless, the Defendant intentionally undertook to interfere with such relationships to the detriment

of Plaintiff. The conduct of Defendant is a direct and proximate cause of the damages suffered by Plaintiff.

## VI.
## SLANDER AND SLANDER PER SE

6.1     Plaintiff realleges herein all factual allegations set forth above and incorporates them by reference.

6.2     Defendant, by and through his agents and employees, made defamatory and untrue statements about Plaintiff calling into question its ability to successfully prosecute the Client Family Members' claims. Such statements were harmful to Plaintiff's business interests and were false. The statements made were likewise harmful to Plaintiff's good reputation in his business and profession, and as such were slander per se.

6.3     In addition, such untrue comments and statements were made willfully and maliciously and with the knowledge that they were false. All such conduct is a proximate cause of the damages suffered by Plaintiff.

## VII.
## NEGLIGENCE

7.1     Plaintiff realleges herein all factual allegations set forth above and incorporates them by reference.

7.2     Without waiving any of the counts hereinabove set forth and in the alternative, Plaintiff allege that the conduct of Defendant as described herein constitutes negligence. The acts and omissions alleged hereinabove, either individually or in combination with

such others as yet unknown, were a proximate cause of damages and injuries suffered by Plaintiffs.

7.3    At all relevant times, Defendant's employees were acting as agents and/or servants in furtherance of their own personal business and pecuniary interests and under their full authority to act.   To the extent the conduct of Defendant was done through others, such persons were acting, at the direction of Defendant and with full authorization from them.   The Defendant is jointly and severally liable for the conduct herein alleged, whether Defendant undertook it personally or through others who were agents or employees.   Defendant is responsible for the conduct of such others under the Doctrine of Agency and Respondent Superior for any conduct carried on by such persons at his direction.

## VIII.
## CIVIL CONSPIRACY

8.1    Plaintiff realleges herein all factual allegations set forth above and incorporates them by reference.

8.2    Defendant along with another person or persons agreed and conspired to commit the unlawful, overt or wrongful acts alleged herein to the detriment of the Plaintiffs.   The Defendant, along with other, had a preconceived plan an/or conspired to convince the Client Family to employ the Defendants in lieu of Plaintiff by unlawful means.

## IX.
## DEFENDANT'S VIOLATIONS OF THE STATE BAR RULES

9.1    Plaintiff realleges herein all factual allegations set forth above and incorporates them by reference.

9.2    Defendant's conduct as alleged herein constitutes violations of the Texas State Bar Rules which govern the conduct of attorneys in this state.

## X.
## PLAINTIFF'S DAMAGES

10.1   Plaintiffs reallege the above facts as if fully set forth herein and incorporates them by reference.

10.2   By reason of Defendant's conduct as herein described, Plaintiff has suffered damages including the loss of his contractual relationship with the Client Family Members and the reasonable business expectation of the recovery of attorneys' fees stemming from such representation. In addition, should the litigation on behalf of the Client Family Members prove successful, there will be a recovery of substantial attorneys' fees by the Defendant. Defendant's conduct is the direct and proximate cause of the loss of this fee by Plaintiff. In addition, Plaintiff has suffered immeasurable damages from the wrongful, defamatory and untrue remarks made by Defendant.

## XI.
## PUNITIVE DAMAGES

11.1   The conduct of Defendant as herein alleged was carried out with more than momentary thoughtlessness, inadvertence, or error of judgment. Such conduct resulted from such an entire want of care as to establish that the act or omission was the

result of actual conscious indifference to the rights of Plaintiff. Such conduct by Defendant constitutes malice specifically intended by Defendant to cause substantial injury to Plaintiff. Alternatively, such conduct was carried out by Defendant with flagrant disregard for the rights of Plaintiff and with actual awareness on the part of Defendant that the act would in reasonable probability result in severe injury, harm, and damage to Plaintiff as a result of the Defendant's gross negligence and intentional conduct. Plaintiff seeks to impose exemplary damages upon the Defendant in an amount to be determined by the trier of fact. Plaintiff intends to show that the factors the jury may consider in determining the amount of exemplary damages which should be awarded include:

      a.  the nature of the wrong committed by the Defendant

      b.  the character of the Defendant's conducts;

      c.  the degree of culpability of the Defendant;

      d.  the situation and sensibilities of the parties concerned; and

      e.  the extent to which the Defendant's conduct offends a public sense of justice and propriety.

11.3    Plaintiff has also suffered lost profits, economic damages, and loss of business opportunity, both in the past and in the future. Plaintiff seeks judgment against the Defendant for all damages which are in excess of the minimum jurisdictional limits of this court, or as may be found by the trier of fact.

## XII.
## JURY DEMAND

12.1    Plaintiff hereby make their request for a jury trial in this cause pursuant to Rule 216 of the Texas Rules of Civil Procedure and Plaintiff has previously deposited with the District Clerk of Hidalgo County, County, Texas the requisite jury fee.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully request that after trial by jury, Plaintiff have;

    a.  judgment against Defendant, jointly and severally, for a sum within the jurisdictional limits of the Court for damages suffered in the past and damages which in all likelihood will be suffered, in the future;

    b.  pre judgment interest as provided by law;

    c.  exemplary damages according to law and in a sum determined by the trier of fact:

    d.  Post-judgment interest as provided by law,

    e.  costs of suit;

    f.  attorneys' fees; and

    g.  damages for the harm to the Plaintiff's reputation.

    h.  such other and further relief to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

**LAW OFFICE OF RAMON GARCIA, P.C.**
222 W. University Drive
Edinburg, Texas 78539
(956) 383-7441
(956) 381-0825 Facsimile

By: _____
RAMON GARCIA
State Bar No. 07641800
ERIC S. JARVIS
State Bar No.: 24012902

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

RAMON GARCIA                    §
Plaintiff,                      §
                                §
V.                              §        C.A. NO. B-02-160
                                §
JULIAN RODRIGUEZ AND            §
LAW OFFICE OF JULIAN            §
RODRIGUEZ,                      §
                                §

## DEFENDANTS JULIAN RODRIGUEZ and LAW OFFICE OF JULIAN RODRIGUEZ NOTICE OF REMOVAL

Defendants JULIAN RODRIGUEZ and LAW OFFICES OF JULIAN RODRIGUEZ files this notice of removal under 28 U.S.C. §1446(a).

### A. Introduction

1.    Ramon Garcia, P.C. is Plaintiff.  Julian Rodriguez and Law Office of Julian Rodriguez are the Defendants.

2.    On 7/22/02, plaintiff sued defendants for tortious interference of contractual matters, negligence, civil conspiracy, and for other alleged violations.

3.    This case becomes removable pursuant to the federal district court's exercise of supplemental jurisdiction, 28 U.S.C. §1367 and, in the alternative, it becomes removable because this case presents a federal question under 28 U.S.C. §1441.

### B. Basis for Removal

4.    Removal is proper because plaintiff's claim arises out of, as a consequence of, or in connection with case styled: Civil Action No. B-01-157 Consolidated with Civil Action No. B-02-004; *In Re The Complaint And Petition For Brown Water Towing*

1

*l, Inc.,* et. al., In the Southern District of Texas, Brownsville Division. First and foremost, plaintiff's claims are brought in violation of a federal district court Order Directing Claimants To File And Make Proof of Claims, Directing The Issuance Of Monition, And Restraining Prosecution of Claims whereby plaintiff's claim shall be stayed, and restrained until the hearing and termination of this proceeding in the Southern District of Texas, Brownsville Division.

A true and correct copy of the Order Directing Claimants To File And Make Proof of Claims, Directing The Issuance Of Monition, And Restraining Prosecution Of Claims is attached as "Exhibit A" and incorporated by reference.

5.    Secondly, removal is proper because plaintiff's claim arises out of, as a consequence of, or in connection with case styled: Civil Action No. B-01-157 Consolidated with Civil Action No. B-02-004: *In Re The Complaint And Petition For Brown Water Towing I, Inc.,* et. al., In the Southern District of Texas, Brownsville Division and the federal district court's exercise of supplemental jurisdiction, 28 U.S.C. §1367. Section 1367 (a) authorizes a federal court to exercise jurisdiction over certain pendent claims, pendent parties, and ancillary claims under the principle of supplemental jurisdiction and expressly provides for the removal of this suit, Stromberg Metal Works, Inc. v. Press Mech., Inc., 77 F.3d 928, 931 (7th Cir. 1996).

6.    Alternatively, plaintiff's suit involves federal question pursuant to 28 U.S.C. §1441. Parenthetically, the federal court will determine the basis for exoneration of liability and damages under maritime law.

7.    All pleadings, process, orders, and all other filings in the state court action are

attached to this notice as required by 28 U.S.C. §1441(a) and are labeled as "Exhibit B."

8. Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place in which the removed action has been pending.

9. Defendant will file promptly a copy of this notice of removal with the clerk of the state court in which the action has been pending.

10. This notice is filed with this Court within 30 days after service on Defendants of Plaintiff's Original Petition in the above- entitled action.

## C. Jury Demand

11. Plaintiff did demand a jury in the state court action.

## D. Conclusion

12. In summary, on 7/22/02, plaintiff sued defendant for tortious interference, slander and slander per se, negligence, civil conspiracy, and for violations of the state bar rules. Defendant seeks to remove plaintiff's claim as originally filed in state court to the Southern District of Texas, Brownsville Division under Civil Action No. B-01-157 Consolidated with Civil Action No. B-02-004; *In Re The Complaint And Petition For Brown Water Towing I, Inc.,* et. al., pursuant to the federal district court's exercise of supplemental jurisdiction, 28 U.S.C. §1367.

13. WHEREFORE, Defendants pray that the above-entitled action be removed from the 332nd Judicial District Court of Hidalgo County, Texas to this Court in the above-entitled action.

Respectfully submitted on 20th day of August, 2002.

3

Respectfully submitted,

LAW OFFICE OF JULIAN RODRIGUEZ, JR.
100 W. PECAN
MCALLEN, TEXAS 78501
TEL:  (956) 682-8801
FAX:  (956) 682-4544


By:_____
    JULIAN RODRIGUEZ, JR.
    Texas State Bar No: 17146770
    ATTORNEY FOR DEFENDANTS

4

TOTAL P.06.

# Law Office of

# Julian Rodriguez, Jr.

## 100 W. Pecan
## McAllen, Texas 78501

Tel: (956) 682-8801                                      Fax: (956) 682-4544

DATE: September 10, 2002

TO: Leticia                              FAX NO:    (956) 387-0826

RE:

STYLE:        RAMON GARCIA VS. JULIAN RODRIGUEZ AND LAW
              OFFICE OF JULIAN RODRIGUEZ
CAUSE NO:     C.A. NO. B-02-160
OUR FILE NO:  02-042

__5__ Number of pages including this cover sheet.

_____ Original will follow by First Class Mail.

_____ Original will follow by Certified Mail.

__✓__ Original will not follow.

MESSAGE: If you need anything else please call me.

_____

_____

_____

From: Vanesa Ochoa

## CONFIDENTIAL NOTE

This facsimile contains CONFIDENTIAL INFORMATION which may be legally privileged and which is intended only for the use of the addressee(s) name above. If you are not the intended recipient of this facsimile, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the above address via the united states postal service. Thank you.