*10*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

OCT 2 3 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| RAMON GARCIA, P.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. B-02-160 |
| | § | |
| JULIAN RODRIGUEZ and | § | |
| LAW OFFICES OF JULIAN | § | |
| RODRIGUEZ, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S RESPONSE TO**
**DEFENDANTS' MOTION TO CONSOLIDATE**
**MADE SUBJECT TO ITS MOTION TO REMAND**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Comes now Ramon Garcia, P.C., Plaintiff in the above-styled and numbered cause, and

subject to its Motion to Remand and without waving the same, and pursuant to Fed.R.Civ.P. 42(a),

files this Response to Defendants' Motion to Consolidate.

In support thereof, Plaintiff would show this Honorable Court as follows:

**I.**

**Introduction**

This case arises from a dispute between an Edinburg law firm and a McAllen lawyer

regarding the representation of certain clients.[1]

---

[1] These clients are Raquel Teran Hinojosa, Omar Hinojosa, Clarissa Hinojosa, and Gaspar
Hinojosa, II, the wrongful death beneficiaries of Gaspar Hinojosa. In the wake of the collapse of
the Queen Isabella Causeway, the aforementioned members of the Hinojosa family signed
contingent fee contracts with Plaintiff. Currently, all of the aforementioned members of the
Hinojosa family are Claimants in the limitation proceeding, styled In re the Complaint and
Petition for Brownwater Towing, I, Inc., as Owner, and Brownwater Marine Service, Inc., as
Bareboat Charterers, of the Brownwater V, its Engines, Tackle, Etc., and a Cause of Exoneration

Plaintiff, a law firm located in Edinburg, Texas, sued Julian Rodriguez, an attorney who resides in McAllen, Texas. See Plaintiff's Original Petition, paragraph 2.1-2.2, attached hereto as Exhibit "1" and incorporated herein by reference as if fully set forth.

Plaintiff asserted **only** state law claims of tortious interference with contract, slander, negligence, civil conspiracy, and violation of the Texas State Bar Rules against Julian Rodriguez. Id. at paragraphs 5.1-9.2. Plaintiff did **not** assert any federal law claims against Julian Rodriguez. Id.

Julian Rodriguez filed an answer on behalf of himself and the Law Offices of Julian Rodriguez.[2] See Defendants' Original Answer attached hereto as Exhibit "2" and incorporated herein by reference as if fully set forth. For ease of reference, Plaintiff will refer to Julian Rodriguez and the Law Offices of Julian Rodriguez collectively as "Defendants," unless otherwise specified.

On September 19, 2002, Plaintiff filed its Motion to Remand.

On or about October 4, 2002, Defendants filed their Motion to Consolidate pursuant to Fed.R.Civ.P. 42(a). Therein, Defendants have asked that this case be consolidated with the limitation proceeding, styled In re the Complaint and Petition for Brownwater Towing, I, Inc., as Owner, and Brownwater Marine Service, Inc., as Bareboat Charterers, of the Brownwater V, its Engines, Tackle, Etc., and a Cause of Exoneration From or Limitation of Liability, C.A. No. B-01-157, that is presently before this Honorable Court.

On October 24, 2002, Plaintiff filed timely this Response, pursuant to Fed.R.Civ.P. 42(a).

---

From or Limitation of Liability, C.A. No. B-01-157, that is presently before this Honorable Court.

[2] The Law Offices of Julian Rodriguez entered an appearance in this case, even though Plaintiff did not name the Law Offices of Julian Rodriguez as a Defendant. See Exhibit "1," paragraph 2.2.

## II.

### The Proceedings Should Not Be Consolidated
### Under Fed.R.Civ.P. 42(a)

The above-styled and numbered cause should not be consolidated with the limitation proceeding that is presently before this Honorable Court because the purposes of Fed.R.Civ.P. 42(a) are not served by consolidating an "attorney dispute," arising under Texas law, with a limitation proceeding arising under federal maritime law.

Fed.R.Civ.P. 42(a) provides that a District Court may consolidate separate actions if those "actions involv[e] a common question of law or fact ." See Seguro de Cervicio de Salud v. McAuto Sys. Group, Inc., 878 F.2d 5, 8 (1st Cir. 1989) ("The threshold issue is whether the two proceedings involve a common party *and* common issues of fact or law."). "A district court's decision under Rule 42(a) is purely discretional." *In re* Air Crash Disaster at Florida Everglades, 549 F.2d 1006, 1013 (5th Cir. 1977). In exercising its discretion, the court must determine if the actions relate to substantially the same subject matter and if consolidation does not result in delay, jury confusion, or prejudice to the parties.  Hendricks v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495-96 (11th Cir. 1985).  "A party moving for consolidation must bear the burden of showing the commonality of factual and legal issues in different actions . . . and a district court must examine 'the special underlying facts' with 'close attention' before ordering consolidation." *In re* Repetitive Stress Injury Litig., 11 F.3d 368, 373 (2nd Cir. 1993) (citations omitted).

## III.

### The Proceedings Do Not Involve Common Issues of Fact and Law

Defendants have failed to discharge their burden under Fed.R.Civ.P. 42(a) and specifically show "the commonality of factual and legal issues" between the above-styled and numbered cause

and the limitation proceeding.  Specifically, Defendant's have stated only that "[a]ll the facts that arise in both case [sic] begin from the date of the incident of September 15, 2001 until the date [sic] the deadline for all claimants to file their claims in federal court pursuant to the court's restraining orders."  See Defendants' Motion to Consolidate, p. 4.

The inadequacy of Defendant's argument is likely due to the fact that there is no "commonality of factual and legal issues" between the above-styled and numbered cause and the limitation proceeding.  The above-styled and numbered cause is simply a dispute, arising under Texas law, between an Edinburg law firm and a McAllen lawyer **regarding the representation of certain clients**.  By contrast, the limitation proceeding, arising under federal maritime law, is a dispute between the Brown Water Towing, Inc./American Commercial Lines, L.L.C. and the Claimants in said proceeding **regarding the collapse of the Queen Isabella Causeway**.  As such, Plaintiff's state law claims[3] sounding in tortious interference with contract, slander, negligence, civil conspiracy, and violations of the Texas State Bar rules will have **nothing** to do with whether Brownwater Towing I, Inc. and American Commercial Lines, L.L.C. are entitled to the protection afforded by federal maritime law in the form of the limitation liability.[4]

Thus, because Defendants have failed to show "a common issue of law or fact," the above-styled and numbered cause should not be consolidated with the limitation proceeding. See Enterprise Bank v. Saettele, 21 F.3d 233, 236 (8th Cir. 1994) ("[A] common issue of law or fact is a prerequisite

---

[3] Because Plaintiff has asserted only state law claims and the limitation proceeding is governed by federal maritime law, there is a "jurisdictional impediment to consolidation." See In re Matter of the Complaint of Dearborn Marine Services, Inc., 499 F.2d 263, 271 (5th Cir. 1974).

[4] Even assuming that the above-styled and numbered cause and the limitation proceeding involve common questions of fact, consolidation is still not proper because Plaintiff's state law claims are separate and distinct from federal maritime law. See Seguro, 878 F.2d at 9 ("[T]he trial court abused its discretion in weighing the cost and benefits of consolidation . . . even [when] the two proceedings involve[d] common questions of fact . . . .").

to consolidation) (citing Frazier v. Garrison I.S.D., 980 F.2d 1514, 1531 (5th Cir. 1993).

## IV.

### The Proceedings Do Not Involve a Common Party

Defendants have also failed to establish that the proceedings involve a common party. In this connection, Defendants have argued that "[t]he contract that the Plaintiff seeks to enforce and that he claims was interfered by the Defendants [sic] involves the contract with some of the Hinojosa claimant's who are the ones in the causeway case who lost their father." See Defendants' Motion to Consolidate, p. 4. However, the claimants are not a party to the above-styled and numbered cause. The above-styled and numbered cause is a dispute between an Edinburg law firm and a McAllen lawyer **regarding** the representation of certain clients. Even if this Honorable Court were to find this remote connection sufficient, consolidation is still not warranted. See Enterprise Bank, 21 F.3d at 236 ("[T]he district court abused its discretion by consolidating the two lawsuits [when] the only common factual thread running through the lawsuits was the fact that [a party was a defendant] in both cases.").

## V.

### Denying Defendants' Request for Consolidation
### Will Not Result in Prejudice

Defendants have not argued that denying consolidation would prejudice them in any way. In determining whether consolidation is appropriate, a District Court must determine "whether the specific risks of prejudice . . . is overborne by the risk of inconsistent adjudications of common factual and legal issues . . . ." See Hendricks, 776 F.2d at 1495 (quoting Arnold v. Eastern Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982), *cert denied*, 460 U.S. 1102). Since Defendants have failed to make any reference to prejudice at all, this Honorable Court should find that any risk of prejudice

is **not** overborne by keeping the above-styled and numbered cause separate from the limitation proceeding. See Frazier v. Garrison I.S.D., 980 F.2d 1514, 1531 (5th Cir. 1993) (Affirming District Court's refusal to consolidate two suits when defendants failed to "argue that . . . denying consolidation would prejudice them in any way.").

VI.

**The Proposed Consolidation Will Increase the Parties' Costs**

The proposed consolidation will increase the parties' costs by forcing them to participate in discovery and other proceedings not relevant to both cases. See *In re* Repetitive Stress Injury Litig., 11 F.3d 368, 373-74 (2nd Cir. 1993). "The burden is on the party seeking aggregation of discovery and other proceedings to show common factual or legal issues warranting it. A party may not use aggregation as a method of increasing the costs of its adversaries . . . by forcing them to participate in . . . discovery that [is] irrelevant to their case." Id. at 374.

Defendants have failed to satisfy their burden. Defendants have only asserted that "[t]he issues alleged by the Plaintiff in this case will involve the disclosure of the same information that has to be disclosed while the discovery is ongoing for each of the families and claimants who are seeking relief from the negligent parties." See Defendants' Motion to Consolidate, p. 3. However, Defendants do not specifically state any issues in which discovery will overlap. Thus, because the Defendants have failed to establish any common factual or legal issues, the proposed consolidation will only increase the parties' cost by forcing them to participate in discovery and other proceedings that are irrelevant to this case.

VII.

**The Proceedings Cannot Be Tried to the Same Fact Finder**

The proceedings cannot be tried to the same fact finder because one proceeding must be tried

to this Honorable Court, namely the limitations proceeding, and the parties in the above-styled and numbered cause have requested a jury.  See EPA v. City of Green Forest, 921 F.2d 1394, 1402-03 (8th Cir. 1990).

Based on the foregoing authority and analysis, this Honorable Court should deny Defendants' request for consolidation in its entirety.

WHEREFORE, PREMISES CONSIDERED, Ramon Garcia, P.C. requests respectfully that this Honorable Court deny Defendant's Motion to Consolidate Pursuant to Fed.R.Civ.P. 42(a), in its entirety and grant it such other and further relief, both at law and in equity, to which it may show itself justly entitled.

Respectfully submitted,

**STEVENSON & AMMONS, L.C.**

By:

ROBERT E. AMMONS
Attorney-In-Charge
Texas State Bar No. 01159820
Southern District of Texas No. 11742
3700 Montrose Avenue
Houston, Texas 77006
(713) 523-3030
(713) 523-4747 (FAX)

Attorneys for Ramon Garcia, P.C.

## **CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of Plaintiff's Response to Defendants' Motion to Consolidate has been mailed via certified mail, return receipt requested, to all counsel of record pursuant to the Federal Rules of Civil Procedure on this ____ day of October, 2002.

ROBERT E. AMMONS

**FILED**

CAUSE NO. *C-1325-02-F* AT _____ O'CLOCK _____ M

JUL 0 8 2002

| | | |
|---|---|---|
| RAMON GARCIA, P.C. | § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § | PAULINE GONZALEZ CLERK |
| | § | District Courts, Hidalgo County |
| VS. | § | By_____Deputy |
| | § | HIDALGO COUNTY, TEXAS |
| JULIAN RODRIGUEZ and | § | |
| LAW OFFICES OF JULIAN RODRIGUEZ | § | 332nd JUDICIAL DISTRICT |
| | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **Ramon Garcia, P.C.,** hereinafter referred to as Plaintiff, in the above captioned cause and files this Original Petition and would respectfully show the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.1    This action should proceed under Discovery Control Plan Level 2 pursuant to Texas Rules of Civil Procedure Rule 190.3.

### II.
### PARTIES

2.1    Plaintiff RAMON GARCIA, P.C., is a Texas Professional Corporation engaged in the practice of law with offices in Edinburg, Hidalgo County, Texas.

2.2    Defendant Julian Rodriguez, Jr., is an individual duly licensed to practice law in the State of Texas, and who carries on his business at the Law Offices of Julian Rodriguez located at 100 W. Pecan, McAllen, Texas 78501 and may be served with process by serving a citation and a copy of this petition at the address mentioned above. Defendant will be served by citation by a private process server at Plaintiff's direction.

## III.
## JURISDICTION AND VENUE

3.1    Venue is properly maintained in Hidalgo County, Texas, pursuant to sections 15.002, 15.004 and 15.017 of the Texas Civil Practice and Remedies code in that the causes of action arose in whole or in substantial part in Hidalgo County, Texas and venue is mandatory in Hidalgo County, Texas, under § 15.017 and § 15.004 Tex.R.Civ.P.Rem. Moreover, Hidalgo County is the place of Defendant's residence as well as the place of Defendant's principal office.

## IV.
## FACTUAL BACKGROUND

4.1    On or about September 15, 2001, Gaspar Hinojosa was killed as a result of the collapse of the Queen Isabella Causeway. The Causeway collapsed after the span was rammed by industrial barges being pushed by a tugboat. The family members of Gaspar Hinojosa (hereinafter, "Client Family Members") signed contracts of employment, employing Plaintiff herein as their attorney to represent their interest and prosecute a claim for monetary damages against any and all persons and business entities found to be legally responsible for the death of Gaspar Hinojosa.

4.2    Plaintiff will show that after it was hired and after the Client Family Members, had signed contracts of employment with it, Defendant, by and through his agents and employees, made improper contact with the Client Family Members and communicated with them defamatory and untrue information about Plaintiff RAMON GARCIA, P.C., for the purpose of causing the Client Family Members to terminate without cause their existing contracts of employment with Plaintiff, and to hire Defendant.

4.3    Defendant herein, by and through his agents and employees, made disparaging, defamatory, slanderous, and untrue statement about Plaintiff RAMON GARCIA, P.C., herein for the purpose of causing the Client Family Members to hire defendant as their attorney and to breach their Contracts of Employment with Plaintiff.  It appears that Defendant's effort was successful, as Defendant was subsequently hired by the Client Family Members.

4.4    Plaintiff has a Forty Percent (40%) valid, legal and enforceable contingency fee assignment interest in the case styled: *Civil Action* B-01-157; In Re The Complaint And Petition For *Brown Water Towing I, Inc., et al., In the Southern District of Texas, Brownsville Division ("Brown Water Towing")*.  Plaintiff was discharged without just cause and as such, the Plaintiff has an enforceable legal right to an undivided Forty Percent (40%) interest in all claims, actions demands and causes of action arising by operation of law for the damages or other amounts due and owing to the named Plaintiffs making claims for damages as a  result of Gaspar Hinojosa's death, in the case styled *Brown Water Towing*.

4.5    By reason of the conduct of Defendant as set forth herein, Plaintiff has been damaged, has suffered and will suffer in the future, severe economic losses in an amount in excess of the minimum jurisdictional limits of this court for which it now sues.

## V.
## <u>TORTIOUS INTERFERENCE</u>

5.1    Plaintiff realleges herein all factual allegations set forth above and incorporates them by reference.

5.2    Defendant, either in person or by and through his agents and employees, wrongfully, willfully, knowingly, and without justification or excuse, interfered with the existing contractual relationships existing between PLAINTIFF and the Client Family Members.  The Defendant sent persons where the Client Family Members could be found for the purpose of causing them to dishonor their Employment Contracts with Plaintiff and to hire Defendant.  Such persons employed by Defendant were specifically instructed by him and empowered by him to act in the wrongful manner described herein.  Such persons were therefore Defendant's agents and all conduct in which they engaged as herein alleged or as may be proved in as cause was specifically authorized and sanctioned by Defendant, and Defendant is responsible for all such conduct as if he had personally carried it out.

5.3    The Defendant induced, the Client Family Members to enter into contracts of employment with Defendant when the Defendant knew that Client Family Members were already parties to a contract with Plaintiff.

5.4    Defendant knew of the business and contractual relationship Plaintiff had with the Client Family Members or in the exercise of ordinary care should have known of these relationships, and of Plaintiff's business interest therein.    Nonetheless, the Defendant intentionally undertook to interfere with such relationships to the detriment

of Plaintiff. The conduct of Defendant is a direct and proximate cause of the damages suffered by Plaintiff.

## VI.
## SLANDER AND SLANDER PER SE

6.1    Plaintiff realleges herein all factual allegations set forth above and incorporates them by reference.

6.2    Defendant, by and through his agents and employees, made defamatory and untrue statements about Plaintiff calling into question its ability to successfully prosecute the Client Family Members' claims. Such statements were harmful to Plaintiff's business interests and were false. The statements made were likewise harmful to Plaintiff's good reputation in his business and profession, and as such were slander per se.

6.3    In addition, such untrue comments and statements were made willfully and maliciously and with the knowledge that they were false. All such conduct is a proximate cause of the damages suffered by Plaintiff.

## VII.
## NEGLIGENCE

7.1    Plaintiff realleges herein all factual allegations set forth above and incorporates them by reference.

7.2    Without waiving any of the counts hereinabove set forth and in the alternative, Plaintiff allege that the conduct of Defendant as described herein constitutes negligence. The acts and omissions alleged hereinabove, either individually or in combination with

such others as yet unknown, were a proximate cause of damages and injuries suffered by Plaintiffs.

7.3    At all relevant times, Defendant's employees were acting as agents and/or servants in furtherance of their own personal business and pecuniary interests and under their full authority to act.    To the extent the conduct of Defendant was done through others, such persons were acting, at the direction of Defendant and with full authorization from them.   The Defendant is jointly and severally liable for the conduct herein alleged, whether Defendant undertook it personally or through others who were agents or employees.   Defendant is responsible for the conduct of such others under the Doctrine of Agency and Respondent Superior for any conduct carried on by such persons at his direction.

## VIII.
## CIVIL CONSPIRACY

8.1    Plaintiff realleges herein all factual allegations set forth above and incorporates them by reference.

8.2    Defendant along with another person or persons agreed and conspired to commit the unlawful, overt or wrongful acts alleged herein to the detriment of the Plaintiffs.   The Defendant, along with other, had a preconceived plan an/or conspired to convince the Client Family to employ the Defendants in lieu of Plaintiff by unlawful means.

## IX.
## DEFENDANT'S VIOLATIONS OF THE STATE BAR RULES

9.1    Plaintiff realleges herein all factual allegations set forth above and incorporates them by reference.

9.2    Defendant's conduct as alleged herein constitutes violations of the Texas State Bar Rules which govern the conduct of attorneys in this state.

## X.
## PLAINTIFF'S DAMAGES

10.1    Plaintiffs reallege the above facts as if fully set forth herein and incorporates them by reference.

10.2    By reason of Defendant's conduct as herein described, Plaintiff has suffered damages including the loss of his contractual relationship with the Client Family Members and the reasonable business expectation of the recovery of attorneys' fees stemming from such representation. In addition, should the litigation on behalf of the Client Family Members prove successful, there will be a recovery of substantial attorneys' fees by the Defendant. Defendant's conduct is the direct and proximate cause of the loss of this fee by Plaintiff. In addition, Plaintiff has suffered immeasurable damages from the wrongful, defamatory and untrue remarks made by Defendant.

## XI.
## PUNITIVE DAMAGES

11.1    The conduct of Defendant as herein alleged was carried out with more than momentary thoughtlessness, inadvertence, or error of judgment. Such conduct resulted from such an entire want of care as to establish that the act or omission was the

---

**PLAINTIFF'S ORIGINAL PETITION**                                                                 7

result of actual conscious indifference to the rights of Plaintiff. Such conduct by Defendant constitutes malice specifically intended by Defendant to cause substantial injury to Plaintiff. Alternatively, such conduct was carried out by Defendant with flagrant disregard for the rights of Plaintiff and with actual awareness on the part of Defendant that the act would in reasonable probability result in severe injury, harm, and damage to Plaintiff as a result of the Defendant's gross negligence and intentional conduct. Plaintiff seeks to impose exemplary damages upon the Defendant in an amount to be determined by the trier of fact. Plaintiff intends to show that the factors the jury may consider in determining the amount of exemplary damages which should be awarded include:

    a. the nature of the wrong committed by the Defendant

    b. the character of the Defendant's conducts;

    c. the degree of culpability of the Defendant;

    d. the situation and sensibilities of the parties concerned; and

    e. the extent to which the Defendant's conduct offends a public sense of justice and propriety.

11.3    Plaintiff has also suffered lost profits, economic damages, and loss of business opportunity, both in the past and in the future. Plaintiff seeks judgment against the Defendant for all damages which are in excess of the minimum jurisdictional limits of this court, or as may be found by the trier of fact.

## XII.
## JURY DEMAND

12.1    Plaintiff hereby make their request for a jury trial in this cause pursuant to

Rule 216 of the Texas Rules of Civil Procedure and Plaintiff has previously deposited with

the District Clerk of Hidalgo County, County, Texas the requisite jury fee.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully request that

after trial by jury, Plaintiff have;

a.  judgment against Defendant, jointly and severally, for a sum within the jurisdictional limits of the Court for damages suffered in the past and damages which in all likelihood will be suffered, in the future;

b.  pre judgment interest as provided by law;

c.  exemplary damages according to law and in a sum determined by the trier of fact:

d.  Post-judgment interest as provided by law,

e.  costs of suit;

f.  attorneys' fees; and

g.  damages for the harm to the Plaintiff's reputation.

h.  such other and further relief to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

**LAW OFFICE OF RAMON GARCIA, P.C.**
222 W. University Drive
Edinburg, Texas 78539
(956) 383-7441
(956) 381-0825 Facsimile

By: _____
RAMON GARCIA
State Bar No. 07641800
ERIC S. JARVIS
State Bar No.: 24012902



COPY

## CAUSE NO. C-1325-02-F

| | | |
|---|---|---|
| RAMON GARCIA, P.C.<br>PLAINTIFF | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| VS. | § | 332ND  JUDICIAL DISTRICT |
| | § | |
| JULIAN RODRIGUEZ and | § | |
| LAW OFFICES OF JULIAN<br>RODRIGUEZ | § | OF HIDALGO COUNTY, TEXAS |
| DEFENDANTS | | |

## DEFENDANTS' ORIGINAL ANSWER

**NOW COMES** Defendants, **JULIAN RODRIGUEZ** and **LAW OFFICE OF JULIAN RODRIGUEZ** hereinafter named Defendants in the above-entitled and numbered cause, and files this Original Answer, and shows the Court:

### I.

### GENERAL DENIAL

Defendant denies each and every allegation of Plaintiff's Original Petition, and demands strict proof thereof as required by the Texas Rules of Civil Procedure.

### II.

### VERIFIED DENIAL

A.    The Defendants have been improperly named in the lawsuit.

### III.

### AFFIRMATIVE DEFENSES

A.    Defendant claims Plaintiff's suit is barred by the doctrine of collateral estoppel.

B.    Defendant claims Plaintiff's suit is barred by the doctrine of contributory

1

negligence.

C.    Defendant claims Plaintiff's suit is barred by estoppel.

D.    For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that the act or omission of a person other than the Defendants was the sole proximate cause of the incidents in question.

E.    For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively alleges that if Plaintiff was injured as alleged, which is not admitted but is expressly denied, such injuries were caused or contributed to, in whole or in part, by a party for whom Defendants are not responsible.

F.    For further answer, if such be necessary, and pleading in the alternative, Defendants further invoke the provisions of 33.001 of the Texas Civil and Remedies Code.

G.    For further answer, if such be necessary, and pleading in the alternative, Defendants further specifically plead the limitation of recovery of exemplary damages as set forth in Section 41.008, et seq. of the Texas Civil Practice and Remedies Code.

H.    For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively deny that they are liable for exemplary damages and plead affirmatively the provisions of Chapter 41, of the Texas Civil Practices & Remedies Code, including the provisions on applicability, standards for recovery, preclusions, prejudgment interest, and limitations on

amount.

I.    For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively state that an award of punitive damages in this case would violate the procedural due process guaranteed by the Constitution of the United States, Texas Law, and the instructions given to the jury, are vague and standardless as to whether and how much to punish a defendant, and are likely to produce arbitrary and capricious results. Therefore, any award of punitive damages should be disallowed, or declared null and void.

## IV.

## JURY DEMAND

Defendants request a trial by jury.

## V.

## PRAYER

Defendants pray the Court, and after notice and hearing or trial, enters judgment in favor of Defendants, awards Defendants the costs of court, attorney's fees, and such other and further relief as Defendants may show himself justly entitled to receive in law or in equity.

Respectfully submitted,

By: _____
JULIAN RODRIGUEZ, JR.
Texas Bar No. 17146770
100 W. PECAN

3

**MCALLEN, TEXAS  78501**
**Tel. (956)682-8801**
**Fax. (956)682-4544**
**Attorney for DEFENDANTS**

CAUSE NO. <u>C-1325-02-F</u>

| | | |
|---|---|---|
| RAMON GARCIA, P.C.<br>PLAINTIFF | §<br>§<br>§ | IN THE DISTRICT COURT |
| VS. | §<br>§ | 332ND JUDICIAL DISTRICT |
| JULIAN RODRIGUEZ and<br>LAW OFFICES OF JULIAN RODRIGUEZ<br>DEFENDANTS | §<br>§<br>§ | OF HIDALGO COUNTY, TEXAS |

## <u>VERIFICATION</u>

    **BEFORE ME,** the undersigned authority, personally appeared **JULIAN RODRIGUEZ, JR.**, who being duly sworn, deposed as follows:

    "My name is **JULIAN RODRIGUEZ, JR.**. I am at least 18 years of age and of sound mind. I am personally acquainted with the facts alleged in Defendant's Verified Denial. I hereby swear that the statements in support of Defendant's Verified Denial are true and correct."

_____
JULIAN RODRIGUEZ, JR.

SUBSCRIBED AND SWORN TO BEFORE ME on ___9th___, by _August,_
2002.

_____
Notary Public, State of Texas

VANEZA OCHOA
Notary Public, State of Texas
My Commission Expires
January 22, 2006

5

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Defendants' Original Answer and Jury Demand was served as indicated below on August 9th, 2002 in accordance to the Texas Rules of Civil Procedure.

**LAW OFFICE OF RAMON GARCIA, P.C.**
Attn: Mr. Ramon Garcia
222 W. University Drive
Edinburg, Texas 78539

**VIA FAX (956) 381-0825 and**
**VIA CERTIFIED MAIL RETURN**
**RECEIPT REQUESTED**

**JULIAN RODRIGUEZ, JR.**
**ATTORNEY FOR DEFENDANTS**