IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

DEC 1 8 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| RAMON GARCIA, P.C. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action B-02-160 |
| | § | |
| JULIAN RODRIGUEZ and | § | |
| LAW OFFICES OF JULIAN RODRIGUEZ | § | |
| | § | |
| Defendants. | § | |

## ORDER

BE IT REMEMBERED that on December 17, 2002, the Court considered Plaintiff's Motion To Remand [Dkt. No. 5] and Defendants' Motion To Consolidate [Dkt. No. 7].

I.   **Factual Background**

In the early morning hours of September 15, 2001, the Brown Water V, a tugboat owned by Brown Water Towing, Inc. and pushing barges owned by American Commercial Lines, L.L.C., allided with a span of the Queen Isabella Causeway. The span collapsed and several individuals were killed or injured when their cars fell into the channel.[1]

Gaspar Hinojosa died in the incident. His family hired Ramon Garcia, P.C., ("Plaintiff") and signed contracts of employment for that firm to represent them in the

---

[1] On September 15, 2001, Brown Water Towing, Inc. and American Commercial Barge Lines L.L.C. ("Petitioners") filed a cause of action in this Court for Exoneration from or Limitation of Liability. Petitioners filed a Letter of Undertaking which set the value of Petitioners' interest in the vessel and its freight at $270,000, allows for costs and set an interest rate of 6% per annum. Thereafter, on September 24, 2001, this Court issued an Order Directing all Claimants to File and Make Proof of Claims, Directing the Issuance of Monition and Restraining Prosecution of Claims.

litigation against Brown Water Towing, Inc. and other defendants. Plaintiff alleges that Julian Rodriguez and the Law Offices of Julian Rodriguez ("Defendants"), through their employees or agents improperly contacted Plaintiff's clients and made defamatory and untrue representations about Plaintiff. Thus the Hinojosa family terminated Plaintiff and hired Defendants to represent them in the matter currently pending before this Court and styled *In re Brown Water Towing*, Civil Action B-01-157.

Plaintiff's Original Petition filed in the 332nd Judicial District of Hidalgo County, Texas, seeks actual and punitive damages for tortious interference, slander and slander per se, negligence, civil conspiracy, and violations of the Texas State Bar Rules.

## II.    Plaintiff's Motion To Remand [Dkt. No. 5]

The Court first considers Plaintiff's motion to remand to determine whether this case was properly removed and whether the Court has jurisdiction. This is required because this case cannot be consolidated with *In re Brown Water Towing* unless the Court has jurisdiction over both cases. *See Mourik Int'l B.V. v. Reactor Servs. Int'l, Inc.*, 182 F. Supp. 2d 599, 602 (S.D. Tex. 2002); *United States v. Brandt Constr. Co.*, 826 F.2d 643, 647 (7th Cir. 1987) ("But Rule 42(a) requires that both actions be 'pending before the court' and an improperly removed action does not meet this criterion.").

In their Notice Of Removal, Defendants state "[t]his case becomes removable pursuant to the federal district court's exercise of supplemental jurisdiction, 28 U.S.C. §1367 and, in the alternative, it becomes removable because this case presents a federal question under 28 U.S.C. §1441." [Notice, at 1]. The Court first addresses original jurisdiction before considering whether it may have supplemental jurisdiction over state law causes of action.

### A.    Original Jurisdiction

"Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the place where such action is pending." 28 U.S.C. § 1441(a). Original jurisdiction over the subject matter is mandatory for the maintenance of an action in federal court. Subject matter jurisdiction may not be waived, and the district court "shall dismiss the action" whenever "it appears by suggestion of the parties or

otherwise that the court lacks jurisdiction of the subject matter." Fed. R. Civ. P. 12(h)(3).

Original jurisdiction, in non-maritime claims, lies where the conditions of 28 U.S.C. §§1331 or 1332 are satisfied. In the present action, Defendants claim original jurisdiction pursuant to §1331, also known as federal question jurisdiction.[2] Under 28 U.S.C. §1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Plaintiff is generally considered the master of his complaint, and "whether a case arising . . . under a law of the United States is removable or not . . . is to be determined by the allegations of the complaint or petition and that if the case is not then removable it cannot be made removable by any statement in the petition for removal or in subsequent pleadings by the defendant." *Great Northern Ry., Co. v. Alexander*, 246 U.S. 276, 281 (1918); *see also American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 14 (1951). Of course, this does not mean that Plaintiff can avoid federal jurisdiction by simply "artfully pleading" a federal cause of action in state law terms. *See Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n.2 (1981). However, when both federal and state remedies are available, Plaintiff's election to proceed exclusively under state law does not give rise to federal jurisdiction.

In the present case, there is no doubt that Plaintiff has chosen to pursue only state law causes of action. The causes of action pled, tortious interference, slander and slander per se, negligence, civil conspiracy, and violations of the Texas State Bar Rules, do not arise under federal law. No federal cause of action has ever been asserted. It is plain that removal based on 28 U.S.C. §1331, federal question, simply does not exist here.[3]

---

[2]   Defendants improperly cite §1441 as the grounds for federal question jurisdiction. That section merely describes which actions are removable, not the jurisdiction of the federal district courts.

[3]   Original jurisdiction does not lie under §1332, diversity of citizenship, because complete diversity does not exist.

### B. Supplemental Jurisdiction Pursuant to 28 U.S.C. §1367

Despite the obvious lack of original jurisdiction under §1331, Defendants maintain that the Court has jurisdiction under 28 U.S.C. §1367.[4] By its own terms §1367 requires the Court have original jurisdiction pursuant to either §1331, §1332, or some other grant of jurisdiction before exercising supplemental jurisdiction over state law claims asserted by Plaintiff. *See Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995). "The statute is not, however, an independent source of removal jurisdiction." *In re Estate of Tabas*, 879 F. Supp. 464, 467 (E.D. Pa. 1995).

### C. Alleged Violation of This Court's Injunction

In their papers, Defendants continually argue that Plaintiff filed this action in state court in violation of the Injunction in *In re Brown Water Towing*, Civil Action B-01-157. Plaintiff has not violated this Court's order. Title 46, United States Code §§182-189, protects shipowners from unlimited exposure in lawsuits. It was not designed to protect the attorneys of claimants in limitation of liability actions from being sued in state court for the type of misconduct alleged in Plaintiff's Original Petition.

---

[4] "(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, *in any civil action of which the district courts have original jurisdiction*, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

"(b) *In any civil action of which the district courts have original jurisdiction* founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332."

28 U.S.C. §1367 (emphasis added).

### III.    Defendants' Motion To Consolidate [Dkt. No. 7]

The Court does not have jurisdiction over this case; therefore, the Court is unable to consolidate this case with *In re Brown Water* or any other case. *See Mourik Int'l. B.V.*, 182 F. Supp. 2d at 602; *Brandt Constr. Co.*, 826 F.2d at 647 ("But Rule 42(a) requires that both actions be 'pending before the court' and an improperly removed action does not meet this criterion.").

### IV.    Attorneys' Fees and Costs

In its motion to remand, Plaintiff requests pursuant to §1447(c) just costs and actual expenses, including attorneys' fees incurred as a result of the removal. "Central to the determination of whether attorneys' fees should be granted is the propriety of the defendant's decision to remove." *Garcia v. Amfels, Inc.*, 254 F.3d 585, 586 (5th Cir. 2001) (affirming this Court's order granting costs and expenses, including attorneys' fees, upon remand). Defendants had no basis in law for removing this case and presented no good faith basis for changing existing law. The Court awards Plaintiff $2,400 for just costs and expenses, including attorneys' fees.

### V.    Conclusion

Plaintiff's Motion To Remand [Dkt. No. 5] is **GRANTED** and Defendants' Motion To Consolidate [Dkt. No. 7] is **DENIED**. The Court holds that it lacks subject matter jurisdiction and, pursuant to 28 U.S.C. § 1447(c), remands this case to the 332nd Judicial District Court of Hidalgo County, Texas. The Clerk of the Court shall effect the remand immediately.

DONE at Brownsville, Texas, this 17th day of December 2002.

Hilda G. Tagle
United States District Judge