14

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

MAR 18 2003

Michael N. Milby
Clerk of Court

|                               |   |                    |
|-------------------------------|---|--------------------|
| RAMON GARCIA, P.C.,           | § |                    |
|                               | § |                    |
| Plaintiff,                    | § |                    |
|                               | § |                    |
| v.                            | § | C.A. NO. B-02-160  |
|                               | § |                    |
| JULIAN RODRIGUEZ and          | § |                    |
| LAW OFFICES OF JULIAN         | § |                    |
| RODRIGUEZ,                    | § |                    |
|                               | § |                    |
| Defendants.                   | § |                    |

**PLAINTIFF'S MOTION TO ENFORCE ORDER AWARDING ATTORNEYS' FEES**
**AND COSTS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW RAMON GARCIA, P.C., Plaintiff in the above-styled and numbered

cause (hereinafter referred to as "Plaintiff"), and files its Motion to Enforce Order Awarding

Attorneys' Fees and Costs. Through this Motion, Plaintiff respectfully requests the Court to

enter an order enforcing this Court's Order dated December 17, 2002, awarding Plaintiff

attorneys' fees and costs, payable by Defendants JULIAN RODRIGUEZ and LAW OFFICES

OF JULIAN RODRIGUEZ, in conjunction with the granting of Plaintiff's Motion to Remand.

In support thereof, Plaintiff would respectfully show this court as follows:

**I. Case Background**

Plaintiff, a law firm located in Edinburgh, Texas, sued Julian Rodriguez, an attorney who

resides in McAllen, Texas. Plaintiff's claims are premised upon a dispute that arose between

Plaintiff and Defendants regarding the representation of certain clients. Plaintiff has asserted

state law claims of tortious interference with contract, slander, negligence, civil conspiracy, and

violation of the Texas State Bar Rules against Julian Rodriguez.

Subsequent to filing Plaintiff's Original Petition in the 332nd District Court of Hidalgo County, Texas, the following actions were taken:

- Defendants filed an Original Answer in the 332nd District Court of Hidalgo County, Texas, on August 8, 2002;
- Defendants filed a Notice of Removal in the United States District Court for the Southern District of Texas, Brownsville Division, on August 20, 2002;
- Plaintiff filed its Motion to Remand and Response to Defendants' Memorandum in Support of Motion to Consolidate in the United States District Court for the Southern District of Texas, Brownsville Division; and
- This Court issued its order on December 17, 2002, granting Plaintiff's Motion to Remand and awarding Plaintiff attorneys' fees and costs.

On December 17, 2002, as noted above, this Court granted Plaintiff's Motion to Remand and awarded Plaintiff $2,400.00 for its attorneys' fees and costs pursuant to 28 U.S.C. §1447(c). To date, Defendants have failed to comply with this Court's Order and have not remitted to Plaintiff the amount ordered by this Court. *See* Robert E. Ammons' letter dated March 5, 2003 to Julian Rodriguez attached hereto as Exhibit "A" and incorporated herein by reference as if fully set forth.

Plaintiff respectfully asks this Court to enforce its Order of December 17, 2002 regarding the award of just costs and expenses, including attorneys' fees, incurred as a result of the removal, and seeks additional costs and expenses, including attorneys' fees, incurred in connection with the filing of this motion.

2

## II.  Order Awarding Attorneys' Fees And Costs

The Order issued by this Court, dated December 17, 2002, granted Plaintiff's Motion to Remand and awarded attorneys' fees and costs in the amount of $2,400.00.  Plaintiff pled two theories to support its Motion to Remand.  This Court found that Plaintiff limited its pleadings to state law causes of action, making it "plain that removal based on 28 U.S.C. §1331, federal question, simply does not exist here."  *See* Court's Order, p. 3. In addition, this Court found that because complete diversity did not exist, it was precluded from finding original jurisdiction under 28 U.S.C. §1332.  *Id.*  Based on these findings, this Court further found that it lacked supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367.[1]

It is on the basis of the findings discussed above that this Court awarded Plaintiff its actual costs and just expenses, including attorneys' fees, incurred as a result of responding to Defendants' attempt to remove Plaintiff's case.

### III. Defendants' Failure to Comply with This Court's Order

Defendants were ordered to pay Plaintiff's attorneys' fees and costs in the amount of $2,400.00 incurred as a result of Defendants' removal action. As of the date of filing of this motion, Defendants have failed to remit to Plaintiff the amount of its just costs and expenses, including attorneys' fees.

This Court retains jurisdiction to enforce its Order awarding Plaintiff its just costs and expenses, including attorneys' fees, pursuant to 28 U.S.C. §1447(c).  A district court's authority to award attorneys' fees and costs pursuant to 28 U.S.C. §1447(c) is not precluded as a result of

---

[1] 28 U.S.C. §1367 requires that a federal court have original jurisdiction as a case arising under 28 U.S.C. §1331 or complete diversity under 28 U.S.C. §1332 before it may exercise supplemental jurisdiction under 28 U.S.C. §1367. *See* Court's Order, p.  4 (citing *Avitts v. Amoco Prod. Co.*, 53 F.3d 690,693 (5th Cir.1995)).

3

issuing an order of remand which otherwise acts to divest the court of its jurisdiction. *Mints v. Educational Testing Serv.*, 99 F.3d 1253, 1258 (3rd Cir.1996). Furthermore, courts have held an award of attorneys' fees is a collateral matter over which jurisdiction is retained by the district court. *Id.* (citing *Moore v. Permanente*, 981 F.2d 443, 445 (5th Cir.1993)).

This Court retains jurisdiction over the collateral matter of awarding attorneys' fees and costs incurred as a result of Defendants' removal pursuant to 28 U.S.C. §1447(c). Because this Court has retained jurisdiction over this collateral matter, Plaintiff respectfully requests that this Court assert its authority to enforce the Order issued on December 17, 2002 awarding costs and expenses, including attorneys' fees, to Plaintiff in the amount of $2,400.00.[2]

### IV. Plaintiff is Entitled to Just Costs and Actual Expenses, Including Attorneys' Fees

In addition to Plaintiff's request that this Court enforce its previous order awarding costs and attorneys' fees, Plaintiff also asks that this Court award Plaintiff $800.00 for just costs and actual expenses, including attorneys' fees, incurred as a result of filing the Motion to Enforce now before this Court. *See* the Affidavit of John C. Schwambach, Jr. attached hereto as Exhibit "B" and incorporated herein by reference as if fully set forth herein.

### V. Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, Ramon Garcia, P.C. requests respectfully that this Honorable Court (1) enforce this Court's prior Order that Julian Rodriguez and Law Offices of Julian Rodriguez pay $2,400.00 to Ramon Garcia, P.C. for just costs and actual

---

[2]In addition to the aforementioned case law in support of this Court's authority to enforce its prior Order awarding costs and attorneys' fees to Plaintiff, this Court retains authority over the Defendants serving as counsel representing the Hinojosa family in the case styled: *Civil Action B-01-157*; *In Re The Complaint And Petition For Brown Water Towing I, Inc., et al., In the Southern District of Texas, Brownsville Division.*

4

expenses, including attorney's fees; (2) order Julian Rodriguez and Law Offices of Julian

Rodriguez to pay $800.00 to Ramon Garcia, P.C. for just costs and actual expenses, including

attorney's fees, incurred as a result of Defendants' failure to comply with this Court's Order

dated December 17, 2002; and (3) grant it such other and further relief, both at law and in equity,

to which it may show itself justly entitled.

Respectfully submitted,


**STEVENSON & AMMONS, L.C.**


By: _____
    **ROBERT E. AMMONS**
    Attorney-In-Charge
    Texas State Bar No. 01159820
    Southern District of Texas No. 11742
    3700 Montrose Avenue
    Houston, Texas 77006
    (713) 523-3030
    (713) 523-4747 (FAX)

    Attorneys for Ramon Garcia, P.C.

## CERTIFICATE OF CONFERENCE

A conference has been held on the merits of this Motion:

_____✓_____    I have been unsuccessful in my attempts to contact the attorney for the Defendants.

_____    I have been unsuccessful in my attempts to discuss this matter with the Defendants' attorney as said attorney has not returned my telephone calls and/or responded to my correspondence.

_____    This matter has been discussed with Defendants' attorney and no agreement on this Motion could be reached.

_____    Defendants' attorney has agreed and is unopposed to Plaintiff's request under this Motion.

ROBERT E. AMMONS

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of Plaintiff's Motion to Enforce Court Order Awarding Plaintiff Attorneys' Fees And Costs has been mailed via certified mail, return receipt requested, to all counsel of record pursuant to the Federal Rules of Civil Procedure on this _____ day of March, 2003.

**ROBERT E. AMMONS**

# EXHIBIT "A"

## STEVENSON & AMMONS
### ATTORNEYS AT LAW
A LIMITED LIABILITY COMPANY
3700 MONTROSE BOULEVARD
HOUSTON, TEXAS 77006

ROBERT E. AMMONS
BOARD CERTIFIED - PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

BOARD CERTIFIED - CIVIL TRIAL ADVOCATE
NATIONAL BOARD OF TRIAL ADVOCACY

TELEPHONE
(713) 523-3030

FACSIMILE
(713) 523-4747

March 5, 2003

Julian Rodriguez, Jr.                                  *Via Facsimile 956-682-4544*
Attorney at Law
100 West Pecan
McAllen, TX 78501

Re:    Civil Action No. B-01-157; *In Re The Complaint and Petition for Brown Water Towing I, et al.*; In the Southern District of Texas, Brownsville Division

Dear Mr. Rodriguez:

On December 17, 2002, Judge Tagle ordered that you pay $2,400.00 for just costs and expenses, including attorneys' fees, in connection with your wrongful removal of the case styled *Ramon Garcia v. Julian Rodriguez and Law Offices of Julian Rodriguez.*

To date, you have not paid this sum.

Please remit $2,400.00 to me on or before March 12, 2003 at 5:00 p.m. Otherwise, I will have no choice but to file a motion to enforce Judge Tagle's order and to seek additional costs and expenses, including attorneys' fees, for filing said motion.

I look forward to your timely response.

Very truly yours,

*Robert E. Ammons* //RS

Robert E. Ammons

cc:    Ramon Garcia                                    *Via Facsimile 956-381-0825*
       Law Office of Ramon Garcia, P.A.
       222 West University Dr.
       Edinburg, TX 78539

```
*************** -COMM. JOURNAL- ********************* DATE MAR-05-2003 ***** TIME 08:11 *** P.01

        MODE = MEMORY TRANSMISSION              START=MAR-05 07:51      END=MAR-05 08:11

        FILE NO.= 064

    STN NO.   COM   ABBR NO.    STATION NAME/TEL.NO.    PAGES   DURATION

     001      OK      ☎         19566824544-02268       003/003  00:00'41"
     002      OK      ☎         19563810825-02268       003/003  00:00'36"

                                                         -STEVENSON            -

    *********************************** -             - ***** -            - ********
```

# STEVENSON & AMMONS, L.C.
## ATTORNEYS AT LAW

3700 Montrose Blvd.
Houston, Texas 77006
713.523.3030 telephone
713.523.4747 telecopier

### FACSIMILE TRANSMISSION

| | | |
|---|---|---|
| Date: | 3-5-03 | |
| To: | JULIAN RODRIGUEZ | 956-682-4544 |
| | RAMON GARCIA | 956-381-0825 |
| From: | ROBERT E. AMMONS | |
| Case: | RAMON GARCIA v JULIAN RODRIGUEZ | |
| File No.: | 02268 | |

# MESSAGE

This transmission, including cover sheet, consists of _3_ pages. If you do not receive all pages, please contact Brenda Gallegos at 713.523.3030.

The information contained in this facsimile transmission is attorney privileged and confidential information intended only for the use of the individual or entity named herein. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone and return the original message to us via U.S. Mail at the address indicated above.

# EXHIBIT "B"

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| RAMON GARCIA, P.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. B-02-160 |
| | § | |
| JULIAN RODRIGUEZ and | § | |
| LAW OFFICES OF JULIAN | § | |
| RODRIGUEZ, | § | |
| | § | |
| Defendants. | | |

**AFFIDAVIT OF JOHN C. SCHWAMBACH, JR.**

Before me, the undersigned notary, on this day, personally appeared John C. Schwambach, Jr., a person whose identity is known to me. After I administered an oath to him, upon his oath, he said:

My name is John C. Schwambach, Jr. I am over eighteen (18) years of age. I am a resident of the State of Texas. I have never been convicted of a crime, and I am fully competent to make this Affidavit. All statements within this Affidavit are within my personal knowledge and are true and correct.

I am an attorney licensed to practice in the State of Texas and have been so licensed since November 1991.

I am one of the associates of Robert E. Ammons, attorney of record for Plaintiff in the above-styled and numbered cause. The law firm of Stevenson & Ammons, L.C. is principally engaged in personal injury litigation throughout the State of Texas with cases pending in both state and federal courts.

Julian Rodriguez and the Law Offices of Julian Rodriguez sought to remove this case

from the 332nd Judicial District Court of Hidalgo County, Texas on August 20, 2002. Robert E. Ammons, Plaintiff's attorney-in-charge in the above-styled and numbered cause, filed Plaintiff's Motion to Remand for filing in the above-styled and numbered cause. Because of Defendants' failure to comply with this Court's Order issued December 17, 2002, awarding Plaintiff costs and attorneys' fees incurred as a result of the removal action, I was asked to prepare Plaintiff's Motion to Enforce Order Awarding Attorneys' Fees and Costs currently before this Court. Thereafter, I reviewed relevant portions of this Court's Order awarding Plaintiff costs and attorneys' fees incurred as a result of Defendants' removal and Plaintiff's Motion to Remand.

Thereafter, I wrote Plaintiff's Motion to Enforce Order Awarding Attorneys' Fees and Costs and compiled the exhibits attached to the same. In addition, I corresponded with Julian Rodriguez regarding payment of the amounts owed Plaintiff per this Court's December 17, 2002, Order, and I wrote this Affidavit. Plaintiff's Motion to Enforce Order Awarding Attorneys' Fees and Costs totaled eight (8) pages with two (2) exhibits. I spent four (4) hours in researching and writing Plaintiff's Motion to Enforce Order Awarding Attorneys' Fees and Costs and compiling the exhibits attached to the same.

In my opinion, a reasonable hourly rate for my time in performing the type of work, as detailed above, is two hundred dollars ($200.00) per hour. Also, in my opinion a reasonable and necessary attorney's fee of eight hundred dollars ($800.00) for the above-referenced work is reasonable in relation to the amount of work that I expended in researching and writing the aforementioned document and in relation to the issues raised by Defendants' failure to obey this Court's Order dated December 17, 2002. This fee is reasonable and necessary for the services that I performed.

I am familiar with fees usually and customarily charged by lawyers in Harris County for

services performed for the type of litigation involved in this suit. This fee falls well within the

parameters of the fees charged in the Harris County area for the same or similar services of an

attorney with my experience, reputation, and ability.

Further affiant sayeth not.

JOHN C. SCHWAMBACH, JR.

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned Notary Public, on this the 17th day of March 2003, to certify which witness my hand and official seal.

Notary Public in and for
The State of Texas

TINA M. FERGUSON
Printed or Stamped Name of Notary

My Commission Expires: 08/17/05



TINA M. FERGUSON
MY COMMISSION EXPIRES
August 17, 2005

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
ENTERED

**DEC 1 8 2002**

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| **RAMON GARCIA, P.C.** | § |
| | § |
| **Plaintiff,** | § |
| | § |
| **v.** | § |
| | § |
| **JULIAN RODRIGUEZ and** | § |
| **LAW OFFICES OF JULIAN RODRIGUEZ** | § |
| | § |
| **Defendants.** | § |

Civil Action B-02-160

## ORDER

BE IT REMEMBERED that on December 17, 2002, the Court considered Plaintiff's Motion To Remand [Dkt. No. 5] and Defendants' Motion To Consolidate [Dkt. No. 7].

### I.    Factual Background

In the early morning hours of September 15, 2001, the Brown Water V, a tugboat owned by Brown Water Towing, Inc. and pushing barges owned by American Commercial Lines, L.L.C., allided with a span of the Queen Isabella Causeway. The span collapsed and several individuals were killed or injured when their cars fell into the channel.[1]

Gaspar Hinojosa died in the incident. His family hired Ramon Garcia, P.C., ("Plaintiff") and signed contracts of employment for that firm to represent them in the

---

[1]On September 15, 2001, Brown Water Towing, Inc. and American Commercial Barge Lines L.L.C. ("Petitioners") filed a cause of action in this Court for Exoneration from or Limitation of Liability. Petitioners filed a Letter of Undertaking which set the value of Petitioners' interest in the vessel and its freight at $270,000, allows for costs and set an interest rate of 6% per annum. Thereafter, on September 24, 2001, this Court issued an Order Directing all Claimants to File and Make Proof of Claims, Directing the Issuance of Monition and Restraining Prosecution of Claims.

1

litigation against Brown Water Towing, Inc. and other defendants. Plaintiff alleges that Julian Rodriguez and the Law Offices of Julian Rodriguez ("Defendants"), through their employees or agents improperly contacted Plaintiff's clients and made defamatory and untrue representations about Plaintiff. Thus the Hinojosa family terminated Plaintiff and hired Defendants to represent them in the matter currently pending before this Court and styled *In re Brown Water Towing*, Civil Action B-01-157.

Plaintiff's Original Petition filed in the 332nd Judicial District of Hidalgo County, Texas, seeks actual and punitive damages for tortious interference, slander and slander per se, negligence, civil conspiracy, and violations of the Texas State Bar Rules.

II.    Plaintiff's Motion To Remand [Dkt. No. 5]

The Court first considers Plaintiff's motion to remand to determine whether this case was properly removed and whether the Court has jurisdiction. This is required because this case cannot be consolidated with *In re Brown Water Towing* unless the Court has jurisdiction over both cases. *See Mourik Int'l B.V. v. Reactor Servs. Int'l, Inc.*, 182 F. Supp. 2d 599, 602 (S.D. Tex. 2002); *United States v. Brandt Constr. Co.*, 826 F.2d 643, 647 (7th Cir. 1987) ("But Rule 42(a) requires that both actions be 'pending before the court' and an improperly removed action does not meet this criterion.").

In their Notice Of Removal, Defendants state "[t]his case becomes removable pursuant to the federal district court's exercise of supplemental jurisdiction, 28 U.S.C. §1367 and, in the alternative, it becomes removable because this case presents a federal question under 28 U.S.C. §1441." [Notice, at 1]. The Court first addresses original jurisdiction before considering whether it may have supplemental jurisdiction over state law causes of action.

A.    Original Jurisdiction

"Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the place where such action is pending." 28 U.S.C. § 1441(a). Original jurisdiction over the subject matter is mandatory for the maintenance of an action in federal court. Subject matter jurisdiction may not be waived, and the district court "shall dismiss the action" whenever "it appears by suggestion of the parties or

2

otherwise that the court lacks jurisdiction of the subject matter." Fed. R. Civ. P. 12(h)(3).

Original jurisdiction, in non-maritime claims, lies where the conditions of 28 U.S.C. §§1331 or 1332 are satisfied. In the present action, Defendants claim original jurisdiction pursuant to §1331, also known as federal question jurisdiction.[2] Under 28 U.S.C. §1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Plaintiff is generally considered the master of his complaint, and "whether a case arising . . . under a law of the United States is removable or not . . . is to be determined by the allegations of the complaint or petition and that if the case is not then removable it cannot be made removable by any statement in the petition for removal or in subsequent pleadings by the defendant." *Great Northern Ry., Co. v. Alexander*, 246 U.S. 276, 281 (1918); *see also American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 14 (1951). Of course, this does not mean that Plaintiff can avoid federal jurisdiction by simply "artfully pleading" a federal cause of action in state law terms. *See Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n.2 (1981). However, when both federal and state remedies are available, Plaintiff's election to proceed exclusively under state law does not give rise to federal jurisdiction.

In the present case, there is no doubt that Plaintiff has chosen to pursue only state law causes of action. The causes of action pled, tortious interference, slander and slander per se, negligence, civil conspiracy, and violations of the Texas State Bar Rules, do not arise under federal law. No federal cause of action has ever been asserted. It is plain that removal based on 28 U.S.C. §1331, federal question, simply does not exist here.[3]

---

[2]    Defendants improperly cite §1441 as the grounds for federal question jurisdiction. That section merely describes which actions are removable, not the jurisdiction of the federal district courts.

[3]    Original jurisdiction does not lie under §1332, diversity of citizenship, because complete diversity does not exist.

3

**B.    Supplemental Jurisdiction Pursuant to 28 U.S.C. §1367**

Despite the obvious lack of original jurisdiction under §1331, Defendants maintain that the Court has jurisdiction under 28 U.S.C. §1367.[4] By its own terms §1367 requires the Court have original jurisdiction pursuant to either §1331, §1332, or some other grant of jurisdiction before exercising supplemental jurisdiction over state law claims asserted by Plaintiff. *See Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995). "The statute is not, however, an independent source of removal jurisdiction." *In re Estate of Tabas*, 879 F. Supp. 464, 467 (E.D. Pa. 1995).

**C.    Alleged Violation of This Court's Injunction**

In their papers, Defendants continually argue that Plaintiff filed this action in state court in violation of the Injunction in *In re Brown Water Towing*, Civil Action B-01-157. Plaintiff has not violated this Court's order. Title 46, United States Code §§182-189, protects shipowners from unlimited exposure in lawsuits. It was not designed to protect the attorneys of claimants in limitation of liability actions from being sued in state court for the type of misconduct alleged in Plaintiff's Original Petition.

---

[4]      "(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, *in any civil action of which the district courts have original jurisdiction*, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

"(b) *In any civil action of which the district courts have original jurisdiction* founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332."

28 U.S.C. §1367 (emphasis added).

4

III.   **Defendants' Motion To Consolidate [Dkt. No. 7]**

The Court does not have jurisdiction over this case; therefore, the Court is unable to consolidate this case with *In re Brown Water* or any other case. *See Mourik Int'l. B.V.*, 182 F. Supp. 2d at 602; *Brandt Constr. Co.*, 826 F.2d at 647 ("But Rule 42(a) requires that both actions be 'pending before the court' and an improperly removed action does not meet this criterion.").

IV.   **Attorneys' Fees and Costs**

In its motion to remand, Plaintiff requests pursuant to §1447(c) just costs and actual expenses, including attorneys' fees incurred as a result of the removal. "Central to the determination of whether attorneys' fees should be granted is the propriety of the defendant's decision to remove." *Garcia v. Amfels, Inc.*, 254 F.3d 585, 586 (5th Cir. 2001) (affirming this Court's order granting costs and expenses, including attorneys' fees, upon remand). Defendants had no basis in law for removing this case and presented no good faith basis for changing existing law. The Court awards Plaintiff $2,400 for just costs and expenses, including attorneys' fees.

V.   **Conclusion**

Plaintiff's Motion To Remand [Dkt. No. 5] is **GRANTED** and Defendants' Motion To Consolidate [Dkt. No. 7] is **DENIED**. The Court holds that it lacks subject matter jurisdiction and, pursuant to 28 U.S.C. § 1447(c), remands this case to the 332nd Judicial District Court of Hidalgo County, Texas. The Clerk of the Court shall effect the remand immediately.

DONE at Brownsville, Texas, this 17th day of December 2002.

Hilda G. Tagle
United States District Judge